IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAY C. GAITER, | ) | CASE NO. 5:11-cv-02743 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| DAVID BOBBY, Warden, | ) | KATHLEEN B. BURKE |
| | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Petitioner Ray C. Gaiter ("Petitioner" or "Gaiter"), who is represented by counsel, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 on December 19, 2011, asserting five grounds for relief which are set forth below in Section II.B.[1]  Doc. 1.   Respondent filed a Return of Writ (Doc. 7, Doc. 8, Doc. 9) and Gaiter filed his Traverse (Doc. 10).

Gaiter challenges the constitutionality of his conviction and sentence in *State of Ohio v. Ray C. Gaiter*, Case No. CR-2008-04-1271 (Summit County).  Doc. 1.  Gaiter was found guilty of possession of cocaine; tampering with evidence; failure to comply with order or signal of police officer; criminal gang activity; having weapons under disability; carrying concealed weapons; possession of marijuana, and speeding.  Doc. 7-16.  On April 27, 2009, Gaiter was sentenced to a total of 24 years incarceration.  Doc. 7-17, Doc. 8-1, p. 2, ¶ 7.[2]

---

[1] Plaintiff sought (Doc. 5) and was granted leave to amend his Petition (January 25, 2012, non-document order). The amendment sought to add an additional ground for relief.  Doc. 5.  That additional ground for relief raises the same issue raised in Ground Five (Doc. 1, p. 15) and therefore is considered in connection with Ground Five.

[2] Page number references refer to the page number for the cited ECF Doc.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.[3]  For the reasons set forth below, the undersigned concludes that Gaiter's grounds for relief are procedurally defaulted, without merit, and/or not cognizable on federal habeas review.  Accordingly, Gaiter's Petition for writ of habeas corpus should be DENIED.

## I.     Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009).  The Ohio Ninth District Court of Appeals summarized the facts underlying Gaiter's conviction as follows:[4]

> {¶ 2} On April 16, 2008, Akron Police officers were working with the State Highway Patrol to conduct a gun violence sweep in targeted areas of Akron, Ohio. During this investigation, officers noticed a vehicle, which they later determined to be driven by Gaiter. Officers started to follow the vehicle, and upon observing a traffic violation, attempted to pull the vehicle over. Gaiter, however, attempted to elude the police. During the chase, he threw a baggie out of the driver's side window. Officers retrieved the item. After a foot chase, officers subdued Gaiter. The baggie contained over 175 grams of crack cocaine.
>
> * * *
>
> {¶ 5} On February 11, 2009, Gaiter was pulled over for speeding. When removed from the vehicle, officers found a partially smoked marijuana blunt and a loaded semi-automatic pistol.

Doc. 8-1, pp. 2, 3.

---

[3] The case was initially referred to United States Magistrate Judge Kenneth S. McHargh.  The case was subsequently reassigned to the undersigned Magistrate Judge pursuant to General Order 2012-3.

[4] The facts are taken from the Ninth District Court of Appeals' decision.  *See State of Ohio v. Gaiter*, 2010 WL 1986385 (Ohio Ct. App. May 19, 2010); *see also* Doc. 8-1.  For purposes of his federal habeas action, Gaiter does not challenge the Ohio Court of Appeals' statement of facts.  Doc. 10, p. 6.

## II.     Procedural Background

### A.     State Conviction

#### 1.  Indictment[5]

On May 1, 2008, the Summit County Grand Jury indicted Gaiter on four counts:  Count One – possession of cocaine in violation of Ohio Rev. Code § 2925.11(A)(C)(4), a felony in the first degree, with a major drug offender specification; Count Two – possession of marijuana in violation of Ohio Rev. Code § 2925.11(A)(C)(3), a minor misdemeanor; Count Three – tampering with evidence in violation of Ohio Rev. Code § 2921.12(A)(1), a felony in the third degree; and Count Four – failure to comply with order of signal of police officer in violation of Ohio Rev. Code § 2921.331(B), a felony of the third degree.  Doc. 7-2.

On May 19, 2008, the Summit County Grand Jury issued a supplemental indictment charging Gaiter with Count Five – criminal gang activity in violation of Ohio Rev. Code § 2923.42(A), a felony in the second degree.  Doc. 7-4.  On November 7, 2008, the Summit County Grand Jury issued a second supplemental indictment charging Gaiter with Count Six – participating in a criminal gang in violation of Ohio Rev. Code § 2923.42(A), a felony in the second degree.  Doc. 7-8.

On February 24, 2009, the Summit County Grand Jury indicted Gaiter on four additional counts – Count Seven – having weapons under a disability in violation of Ohio Rev. Code § 2923.13(A)(2)/(3), a felony in the third degree; Count Eight – carrying a concealed weapon in violation of Ohio Rev. Code § 2923.12(A)(2), a felony in the fourth degree; Count Nine – possession of marijuana in violation of Ohio Rev. Code § 2925.11(A)(C)(3), a minor

---

[5] Counts One through Six arose out of events occurring on or about April 16, 2008 (Doc. 7-2, Doc. 7-4, Doc. 7-8), and Counts Seven through Eleven arose out of events occurring on or about February 11, 2009 (Doc. 7-11, Doc. 7-12).

misdemeanor; and Count Ten – speeding in violation of Ohio Rev. Code § 4511.21, a minor misdemeanor.  Doc. 7-11.

On February 27, 2009, the Summit County Grand Jury issued a supplemental indictment charging Gaiter with Count Eleven – participating in a criminal gang in violation of Ohio Rev. Code § 2923.42(A), a felony in the second degree.  Doc. 7-12.

### 2.  Plea and pre-trial motions

Gaiter pled not guilty.  Doc. 7-3; Doc. 7-5, Doc. 7-9, Doc. 7-13.  He filed two motions to suppress and dismiss (Doc. 7-6, Doc. 7-14) which the trial court denied (Doc. 7-7, Doc. 7-15).

### 3.  Trial and sentencing

Trial commenced on March 16, 2009.[6]  Doc. 7-16.  Count Nine (possession of marijuana) and Count Ten (speeding) were tried to the court.  Doc. 7-16, p. 2.  The court returned a verdict of guilty as to Counts Nine and Ten.  Doc. 7-16, p. 2.  The remaining counts were tried to a jury.[7]  Doc. 7-16, pp. 1-2.  On March 23, 2009, the jury returned their verdict finding Gaiter guilty of possession of cocaine;[8] tampering with evidence; failure to comply with order or signal of police officer;[9] criminal gang activity; having weapons under disability; and carrying

---

[6] Before trial, upon recommendation of the prosecutor, Court Two – possession of marijuana; Count Five – criminal gang activity; and Count Eleven – participating in criminal gang activity were dismissed.  Doc. 7-16, Doc. 7-17, p. 1.

[7] For the ease of the jury, the trial court renumbered various counts.  Doc. 7-16, p. 1.  The charge of tampering with evidence, as contained in Count Three, was renumbered Count Two; the charge of failure to comply with order or signal of police officer, as contained in Count Four, was renumbered Court Three; the charge of criminal gang activity, as contained in Count Six, was renumbered County Four; the charge of having weapons while under disability, as contained in Count Seven, was renumbered Count Five; and the charge of carrying concealed weapons, as contained in Count Eight, was renumbered Count Six.  Doc. 7-16, p. 1.

[8] The jury further found that the amount of cocaine was in excess of 100 grams.  Doc. 7-16, p. 1.

[9] The jury further found that there was a substantial risk of serious physical harm to persons or property.  Doc. 7-16, p. 2.

concealed weapons.  Doc. 7-16, pp. 1-2.  The trial court accepted the verdicts and found Gaiter to be a major drug offender.  Doc. 7-16, p. 1.

On April 21, 2009, pursuant to its finding that Gaiter was a major drug offender, the trial court sentenced Gaiter to a mandatory 10 years for possession of cocaine; 2 years for tampering with evidence; 3 years for failure to comply with order or signal of police officer; a mandatory 6 years for criminal gang activity; 3 years for having weapons while under a disability; and 1 year for carrying concealed weapons.[10]  Doc. 7-17, pp. 1-2.   The trial court ordered that all sentences were to run consecutively except for the one year term for carrying concealed weapons, which was to run concurrently.  Doc. 7-17, p. 2.  The total sentence was 24 years.  Doc. 7-17, p. 2.

**4.  Direct appeal**

On May 15, 2009, Gaiter, with counsel, appealed to the Ninth District Court of Appeals. Doc. 7-18.  In his appeal, he raised the following assignments of error:

1.  The trial court erred and abused its discretion in denying appellant's motion to sever two separate and unrelated incidents for trial.

2.  Ohio's participating in criminal gang statute per R.C. 2923.42(A) is unconstitutional due to its vagueness and because its prohibitions are not clearly defined.

3.  The appellant's constitutional right to due process and a fair trial was violated when the trial court overruled the appellant's objection to the following information being used and/or given to the jury during trial and at the close of the trial prior to deliberation: 1) certified copies of judgment entries which not only showed the appellant's convictions, but also reflected the multiple charges against the appellant which had been dismissed; 2) a non-evidentiary timeline, which included information regarding the appellant's previous prison term, created by law enforcement to be used in trial; and 3) references to the appellant's prior prison incarceration.

---

[10] The Court fined Gaiter $100.00 on each of the minor misdemeanor convictions but waived those fines (possession of marijuana and speeding).  Doc. 7-17, p. 2.   The trial court also ordered Gaiter to serve 5 years of post-release control and ordered suspension of his driver's license, which was mandatory and required by statute.  Doc. 7-17, p. 3.

4. The trial court erred in denying the appellant's Crim. R. 29 motion for acquittal due to the insufficiency of evidence presented by the appellee during the trial regarding the charges in issue.

5. The trial court erred in sentencing the appellant to separate and consecutive time regarding the participating in a criminal gang and the other offenses which allegedly occurred on April 16, 2009,[11] because appellant's acts were not committed separately and nor did he have a separate animus for each alleged offense; wherefore, the sentencing for the participating in a criminal gang offense separately and consecutively constitutes a violation of the appellant's right to be free from double jeopardy which mandates that no person shall "for the same offence to be twice put in jeopardy of life or limb."

6. The trial court erred in improperly instructing the jury on the participating in a criminal gang.

Doc. 7-19.  On December 28, 2009, Gaiter, *pro se*, filed a Motion for Leave to Supplement

Appellant Assignment of Error Brief with the following additional assignments of error:

A.) Ineffectiveness of trial counsel at critical stages in preparation that fall below the legal standards;

B.) Confrontation violation's and affective cross examination of witness;

C.) Brady v. Maryland, Discovery violation's on state suppression of favorable evidence; Chain of custody breakage on evidence, and evident tampering of evidence;

D.) Structural error in the indictment and/or complaint;

E.) Unconstitutionality of penalties for crack cocaine and powder cocaine laws of Ohio and the federal question is preserved on review;

F.) Consecutive sentence's are contrary to law;

G.) Other constitutional questions of public interest involving state and federal laws being abridged.

---

[11] In his appellate brief, Assignment of Error 5 refers April 16, 2009.  Doc. 7-19, pp. 7, 35.  However, in the Statement of Case in his appellate brief, the correct date of April 16, 2008, is noted.  Doc. 7-19, p. 10.

Doc. 7-20.  On December 31, 2009, the Ninth District Court of Appeals struck Gaiter's *pro se*

filing from the appellate record.[12]  Doc. 7-21.  In striking Gaiter's motion for leave to

supplement, the court stated, "While appellant has the right to appear pro se or to have counsel,

he has no corresponding right to act as co-counsel on his own behalf."  Doc. 7-21, p. 1.  On

December 30, 2009, the State filed its brief.  Doc. 7-26.  On May 19, 2010, the Ninth District

Court of Appeals affirmed the judgment of the trial court.  Doc. 8-1.

On July 6, 2010, Gaiter, with counsel, appealed to the Ohio Supreme Court.  Doc. 8-2.

In his Memorandum in Support of Jurisdiction, Gaiter raised the following propositions of law:

1. The appellant's constitutional right to due process and a fair trial was violated
   when the trial court overruled the appellant's objection to very inflammatory
   documents being given to the jury during the trial and during deliberations.

2. The trial court erred, and the Ninth District Court of Appeals erred in
   affirming the trial court's order, convicting and in sentencing the appellant to
   separate and consecutive terms of imprisonments for the offenses of
   participating in a criminal gang, having weapon under disability and
   possession of cocaine allegedly all of which occurred on April 16, 2008,
   because appellant's acts were not committed separately and nor did he have a
   separate animus for each alleged offense; wherefore, the conviction and
   sentencing for the participating in a criminal gang offense separately and
   consecutively to possession of cocaine constitutes a separate violation of the
   appellant's right to be free from double jeopardy.

Doc. 8-3.  On September 29, 2010, the Ohio Supreme Court declined jurisdiction and dismissed

Gaiter's appeal as not involving any substantial constitutional question.  Doc. 8-4.

### 5.  Application for reopening pursuant to Ohio App. R. 26(B)

On August 19, 2011, Gaiter, through new counsel, filed a Motion for Allowance of a

Delayed Reopening of the Appeal.  Doc. 8-5.  In his Motion, Gaiter set forth the following

---

[12] In the trial court, Gaiter, acting *pro se*, also filed a Motion for Bail pending Direct Appeal (Doc. 7-22) and Motion
for Post Discovery Order against Prosecution (Doc. 7-23).  The State filed a Memorandum in Opposition.  Doc. 7-
24. Thereafter, the trial court found Gaiter's motions not well taken and denied them, stating, "Defendant is
represented by counsel in his direct appeal and may not file pro se Motions."  Doc. 7-25.

assignments of error that he alleged his appellate counsel did not argue or did not argue

effectively:

1. The verdict form as to Count III, failure to comply, was insufficient for a conviction of the felony three version of the offense and only sufficient as to the misdemeanor version of the offense.[13]

2. Ohio's participating in criminal gang statute per R.C. 2923.42(A) is unconstitutional due to its vagueness and because its prohibitions are not clearly defined, and because of overbreadth.[14]

3. Trial counsel was ineffective for failure to raise and litigate the vagueness of Ohio's gang participation statute, for failure to object to errant jury instructions, and for not seeking suppression of evidence from prior predicates and/or "bad acts" used against Mr. Gaiter.[15]

4. Gaiter's constitutional right to due process and a fair trial was violated when the trial court overruled Gaiter's objection to the following information being used and/or given to the jury during trial and at the close of the trial prior to deliberation: 1) certified copies of judgment entries which not only showed Gaiter's convictions, but also reflected the multiple charges against Gaiter which had been dismissed; 2) a non-evidentiary timeline, which included information regarding Gaiter's previous prison term, created by law enforcement to be used in trial; and 3) references to Gaiter's prior prison incarceration.[16]

5. The trial court erred and abused its discretion in denying [Gaiter's] motion to sever two separate and unrelated incidents for trial.[17]

Doc. 8-5.  On September 30, 2011, the Ninth District Court of Appeals denied Gaiter's

application for reopening finding that Gaiter had not shown good cause for filing the application

---

[13] Gaiter asserted that assignment of error 1 raised a new issue.  Doc. 8-5, p. 2.

[14] Gaiter asserted that assignment of error 2 was raised in part in his first appeal but his appellate counsel argued the issue poorly.  Doc. 8-5, p. 2.

[15] Gaiter asserted that assignment of error 3 raised a new issue.  Doc. 8-5, p. 2.

[16] Gaiter asserted that assignment of error 4 was raised in part in his first appeal but his appellate counsel argued the issue poorly.  Doc. 8-5, p. 2.

[17] Gaiter asserted that assignment of error 5 was raised in part in his first appeal but his appellate counsel argued the issue poorly.  Doc. 8-5, p. 2.

for reopening more than ninety days beyond the journalization of the court's May 19, 2010,

decision.  Doc. 8-6.

On October 27, 2011, Gaiter, with the assistance of counsel, filed a Notice of Appeal of

the Ninth District Court of Appeals' September 30, 2011, decision with the Ohio Supreme Court.

Doc. 8-7.  In his Memorandum in Support of Jurisdiction, Gaiter raised the following proposition

of law:

> 1. Appellate Court should freely and liberally grant leave to file a delayed
>    application for reopening pursuant to Appellate Rule 26(B) if the applicant
>    establishes a genuine issue as to whether the applicant was deprived of the
>    effective assistance of counsel on appeal and if the applicant has been
>    represented by ineffective counsel through further continuing and timely
>    appellate litigation and has the time to file a habeas petition from a State
>    conviction has not yet expired.  As this was not done in Mr. Gaiter's case, this
>    matter should be remanded with instruction to consider the merits of Mr.
>    Gaiter's cause.

Doc. 8-8, p. 2.[18] On December 21, 2011, the Ohio Supreme Court dismissed Gaiter's appeal as

not involving any substantial constitutional question.  Doc. 8-9.

**B.    Federal Habeas Corpus**

On December 19, 2011, Gaiter, with counsel, filed his Petition.  Doc. 1.  He asserts the

following five grounds for relief:

> **Ground One:** Due process was violated when court overruled objection to
> certified copies of judgment entries with multiple charges that had been
> dismissed; non-evidentiary timeline; and references to prior prison incarceration.
>
> **Supporting Facts:** Trial court overruled Gaiter's objection to 1) certified copies
> of judgment entries which not only showed Gaiter's convictions, but also reflected
> multiple charges against Gaiter thst [sic] had been dismissed; 2) a non-evidentiary
> timeline, which included information regarding Gaiter's previous prison term,
> created by law enforcement to be used in trial; and 3) references to Gaiter's prior
> incarceration. Counsel requested in limine the redaction of the prior prison
> sentence.   Counsel orally moved to redact references to dismissed charges.
> Counsel made oral motion in limine, questioning appropriateness of jury being
> advised of dismissed charges and asking for redaction of "it is further ordered that

---

[18] Gatier separately outlined the underlying issues upon which he sought reopening.  Doc. 8-8, pp. 9-16.

the charge of felonious assault as contained in count 1 and burglary as contained in count 2 of the indictment be dismissed." Counsel, after the prosecution arguments, "I don't -- they could not have introduced testimony as to the dismissed charges, they can only introduce testimony as to convictions, unless they brought it in as other acts and introduced testimony on it, which they did not. So I don't think it would be -- I don't think it would come in from the witness stand, and I don't think it should come in through the exhibit and I just note my objection."

**Ground Two:**  Court erred convicting and sentencing to consecutive imprisonment for participating in criminal gang, having weapon under disability and possession of cocaine, a violation of double jeopardy.

<u>**Supporting facts:**</u>  On April 16, 2008, Akron Police officers conducted a gun violence sweep in targeted areas of Akron. Officers noticed a vehicle, later determined to be driven by Gaiter. Officers followed the vehicle, and upon observing a traffic violation, attempted to pull the vehicle over. Gaiter, however, attempted to elude the police. During the chase, he threw a baggie out of the driver's side window. Officers retrieved the item. After a foot chase, officers subdued Gaiter. The baggie contained over 175 grams of crack cocaine. Gaiter was indicted for possession of cocaine, possession of marijuana, tampering with evidence, and failure to comply with an order or signal of a police officer.  A supplemental indictment charged criminal gang activity. On February 11, 2009, Gaiter was pulled over for speeding. When removed from the vehicle, officers found a partially smoked marijuana blunt and a loaded semi-automatic pistol. For that, Gaiter was indicted for having a weapon under a disability, carrying a concealed weapon, possession of marijuana and speeding. A supplemental indictment charged participating in a criminal gang.  The Weapons Under Disability and Possession of Cocaine were predicates for the Participating charge.

**Ground Three:**  The conviction and sentence violates the right to trial by jury in that the State enhanced penalties to felony penalties rather than misdemeanor notwithstanding the verdict as to failure to comply.

<u>**Supporting facts:**</u>  Mr. Gaiter was convicted of a violation of R.C. §2921.331, "Failure to Comply."  The Trial Court construed this conviction as a felony of the third degree.  As a result., he was sentenced to three (3) years, consecutive. However, the verdict form for this Count III did not include the elements necessary for the enhancement to a felony of the third degree and lacked any indication that the conviction was for the third degree version of this statute.

**Ground Four:**  Ohio's participating in criminal gang statute per R.C. 2923.42(A) is unconstitutional due to its vagueness and because its prohibitions are not clearly defined, and because of overbreadth.

**Supporting facts:** Prior appellate counsel raised the issue of the vagueness of R.C. §2923.42. That issue failed, per this Honorable Court, because prior appellate counsel failed to raise the issue as "plain error." Mr. Gaiter is seeking to so raise that issue as plain error in reopening, with additional briefing to explain better the vagueness. The term "one of its primary activities" in the definition of a criminal gang (R.C. §2923.41(A)(1) is unconstitutionally vague. The nomenclature of the statute is so misleading in the context of the words of the statute as to render the statute unconstitutionally vague.

**Ground Five:** Trial counsel was ineffective for failure to raise and litigate the vagueness of Ohio's gang participation statute, for failure to object to errant jury instructions, and for not seeking suppression of evidence from prior predicates and/or "bad acts" used against Mr. Gaiter.

**Supporting facts:** This Court rejected the argument during direct appeal that Ohio's Gang Participation statute was unconstitutionally vague, determining issue waived by trial counsel except on plain error analysis. Additionally, appellate Court rejected arguments as to the errant jury instructions because trial counsel had not preserved an objection to same. Trial involved countless instances of alleged prior bad acts, whether they be "bad acts" evidence or predicates evidence. Trial counsel was ineffective in not seeking suppression and/or exclusion of this evidence. In at least one instance, evidence that had previously been suppressed from a prior case was allowed in to this late case because trial counsel did nothing to note that implausibility.

Doc. 1, pp. 6-15.

## III.    Law and Analysis

### A.    Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.[19] *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

---

[19] The AEDPA statute of limitations for filing a petition for a writ of habeas corpus is one year and it begins to run on the date judgment became final. 28 U.S.C. § 2244(d)(1). The statute of limitations has not been raised as an issue in this case.

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is "contrary to" clearly established federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). A state court's adjudication only results in an "unreasonable application" of clearly established federal law when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

## B. Exhaustion and Procedural Default

### 1. Exhaustion

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). In determining whether a petitioner presented his claim in such a way as to alert the state courts to its federal nature, a federal habeas court should consider whether the petitioner:

13

(1) relied on federal cases employing constitutional analysis; (2) relied on state cases employing constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law. *McMeans,* 228 F.3d at 681.

### 2. Procedural Default

A petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies where state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id.* In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which

the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson,* 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* at 753. "[T]he existence of cause for a

procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.*  "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'"  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

**C.    Grounds for Relief**

**1.  Ground  One**

In Ground One, Gaiter argues that his right to due process was violated when the trial court overruled his objection to the admission of certified copies of judgment entries that showed Gaiter's prior convictions but also reflected multiple charges that had been dismissed; a non-evidentiary timeline created by law enforcement which included information regarding Gaiter's prior prison term; and references to Gaiter's prior prison incarceration.  Doc. 1, 6.

Respondent asserts that Gaiter procedurally defaulted Ground One because his trial counsel failed to properly object at trial to the admission of the evidence he claims the trial court improperly admitted. Doc. 7, pp. 17-22.   In support of his argument, Respondent asserts that, when addressing Gaiter's claim, the Ninth District Court of Appeals relied on Gaiter's failure to comply with Ohio's contemporaneous objection rule and argues that Ohio's contemporaneous objection rule is an adequate and independent state ground that, absent a showing of cause and prejudice, precludes federal habeas review.  Doc. 7, pp. 17-22.  Respondent also argues that Gaiter's procedural default is not excused because his alleged "cause" to excuse the procedural default, i.e., ineffective assistance of appellate counsel, was itself procedurally defaulted nor is he able to demonstrate actual innocence.  Doc. 7, pp. 21-22.

In response, Gaiter asserts that the record demonstrates that trial counsel did properly object. Thus, he argues that, either as a result of ineffectiveness of appellate counsel in briefing the issue and/or appellate court error, the Ninth District Court of Appeals, in reaching its decision, disregarded the record. Doc. 10, pp. 14-16. Gaiter also argues that his delay in filing his App. R. 26(B) Application for Reopening was the result of ineffective assistance of appellate counsel and therefore his claim of ineffective assistance of appellate counsel was not procedurally defaulted and may serve as cause to excuse the procedural default of Ground One. Doc. 10, pp. 16-17. Gaiter also contends that the Ohio appellate court improperly framed the issue with respect to the admission of evidence as one of state law rather than as a federal constitutional issue as presented by appellate counsel and simply failed to review the record adequately. Doc. 10, pp. 14-17. Thus, Gaiter argues that the issue of whether appellate counsel's errors added to the Ohio appellate court's errors is separate from the issue of whether the Ohio appellate court erred with respect to the federal constitutional claim. Doc. 10, p. 17.

### a. Procedural default of Ground One[20]

*Procedural default of Ground One*

Where the issue involves a petitioner's failure to observe a state procedural rule, analysis under *Maupin* is necessary. *Stojetz v. Ishee*, 389 F.Supp.2d 858, 882 (S.D. Ohio 2005). Under the first *Maupin* prong, the issue is whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule. *Maupin,* 785 F.2d at 138. Here, Respondent asserts that Gaiter failed to adhere to Ohio's contemporaneous objection rule and thus failed to preserve his claimed errors concerning the admission of evidence relating to his prior charges and prison terms. Doc. 7, pp. 17-20. In Ohio, "[t]he waiver rule requires

---

[20] Respondent asserts that Gaiter procedurally defaulted Grounds One, Three, Four and Five and also asserts that Gaiter's alleged "cause" to excuse his procedural default, i.e., ineffective assistance of appellate counsel, was itself procedurally defaulted.

that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review." *State v. Murphy*, 91 Ohio St.3d 516, 532 (2001); *see also Gonzalez v. Wolfe*, 290 Fed. Appx. 799, 805 (6th Cir. 2008) (citing *State v. Murphy*, 91 Ohio St.3d 516, 532 (2001) when discussing Ohio's contemporaneous objection rule).  Issues waived as a result of a failure to raise a contemporaneous objection are only subject to plain error review.  *Id.*  Respondent's argument is supported by the Ninth District Court of Appeals' opinion, which states:

> {¶ 13} In his third assignment of error, Gaiter contends that the trial court violated his right to due process and a fair trial when it overruled his objections to evidence presented by the State.

> {¶ 14} Although Gaiter's assignment of error references a constitutional issue, the substance of his argument relates to the trial court's discretion to admit evidence. A trial court possesses broad discretion with respect to the admission of evidence. State v. Maurer (1984), 15 Ohio St.3d 239, 265, 473 N.E.2d 768. An appellate court will not disturb evidentiary rulings absent an abuse of discretion. State v. Roberts, 156 Ohio App.3d 352, 805 N.E.2d 594, 2004–Ohio–962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

> {¶ 15} Despite listing several pieces of evidence in his assigned error that he alleges were improperly admitted, Gaiter's argument focuses solely on his contention that the trial court abused its discretion when it admitted certified copies of journal entries of his prior convictions that reflected multiple charges against Gaiter that had been dismissed. Thus, we limit our discussion to this issue.

> {¶ 16} Gaiter points to a discussion prior to trial in which he made an oral "motion in limine to prohibit any reference or disclosure to the jury that [ ] Gaiter served prison time as a result of the previous gang conviction and was released from prison in 2007. I don't think it's relevant in any way to any of the matters at issue in this case. * * * It would be my intention if and when the prosecution intends to submit a certified copy of the journal entries of the convictions that led to the prison term to move the Court to redact *portions relative to reflect incarceration.*" (Emphasis added.)

18

{¶ 17} Our review of this discussion reveals that Gaiter did not move to redact the journal entries with respect to the inclusion of charges that had been dismissed. He did not even mention the dismissed charges. Instead, his motion in limine focused on the portions of the entries that reflected his terms of incarceration. It appears Gaiter was concerned about the jury hearing evidence that he had been incarcerated. Therefore, Gaiter did not raise this specific issue in his motion in limine.

{¶ 18} Further, Officer Rodney Criss testified to the certified journal entries. He identified them, explaining that State's exhibit eight was a certified journal entry in which Gaiter was convicted of domestic violence, exhibit nine was a certified journal entry in which Gaiter was convicted of domestic violence and criminal gang activity, and exhibit ten was a certified journal entry in which Gaiter was convicted of possession of cocaine. Gaiter did not object to this testimony. Thus, a review of the record reveals that Gaiter did not object to the journal entries at the time they were testified to during trial. "This Court need not consider a claimed error that an appellant failed to bring to the trial court's attention at a time when that court could have avoided or corrected the supposed error."(Citation omitted.) State v. Goff, 9th Dist. No. 23292, 2007–Ohio–2735, at ¶ 47; State v. McDonald (1970), 25 Ohio App.2d 6, 11, 265 N.E.2d 793 ("when a question is asked and answered without objection, the error, if any, will be considered to have been [forfeited]"). Gaiter does not argue plain error, nor does he explain why we should delve into this issue for the first time on appeal. Therefore, Gaiter's third assignment of error is overruled.

Doc. 8-1, pp., 4-6, ¶¶ 13-18; *State of Ohio v. Gaiter*, 2010 WL 1986385, *3.

In attempt to demonstrate that he did object to the evidence he claims was improperly admitted, Gaiter now cites to other portions of the trial transcript. Doc. 10, p. 15 (citing trial transcript (pp. 236-237) (Doc. 8-16, pp. 115-116)).  Notwithstanding the newly cited portions of the transcript, as reflected above, during his direct appeal, Gaiter relied upon an exchange that occurred prior to trial during an oral motion in limine[21] and, upon its review, the Ohio Court of Appeals determined that Gaiter had not objected in that motion in limine to the admission of evidence regarding the dismissed charges.  Doc. 8-1, p. 5, ¶ 17.  Additionally, the Ohio Court of Appeals considered the fact that Gaiter did not object to Officer Criss's testimony regarding the certified journal entries of conviction. Doc. 8-1, p. 6, ¶18, Doc. 8-16, pp. 29-30.   Thus, since

---

[21] In his appellate brief, Gaiter referenced objections made after the close of evidence.  Doc. 7-19, pp. 21-22. However, he proceeded to rely upon and cite to his motion in limine made prior to trial.  Doc. 7-19, p. 22.

Gaiter had not complied with Ohio's contemporaneous objection rule, the Ohio Court of Appeals determined that it need not consider Gaiter's claimed error.[22]    Based on the foregoing, the undersigned concludes that under the first *Maupin* prong, there is a state procedural rule, Ohio's contemporaneous objection rule, applicable to petitioner's claim and petitioner has not demonstrated compliance with the contemporaneous objection rule.[23]

Under the second *Maupin* prong, the issue is whether the state court enforced the procedural rule.  *Maupin,* 785 F.2d at 138.  "In determining whether state courts have relied on a procedural rule to bar review of a claim, . . . [a court] look[s] to the last reasoned opinion of the state courts and presume[s] that later courts enforced the bar instated of rejecting the defaulted claim on the merits."  *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2011) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).  Here, the Ohio Court of Appeals enforced the state procedural rule when it concluded Gaiter had waived his arguments concerning the admission of evidence concerning his prior convictions, charges and prison terms and declined review of his claimed error.[24]  Doc. 8-1, pp., 4-6, ¶¶ 13-18.  Based on the foregoing, the undersigned concludes that, under the second *Maupin* prong, the state court enforced the procedural rule.

Under the third *Maupin* prong, the issue is whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim.  *Maupin,* 785 F.2d at 138.  Ohio's contemporaneous objection rule is an adequate and independent state ground for precluding federal habeas review.  *Williams v. Bagley*,

---

[22] The Ohio Court of Appeals also noted that Gaiter did not argue plain error or explain why the court of appeals should consider plain error.

[23] Even if Gaiter could demonstrate compliance with the contemporaneous objection rule such that procedural default would not apply to Ground One, as discussed below, Gaiter has not demonstrated that the state court's admission of the evidence was contrary to or an unreasonable application of clearly established federal law.

[24] It is presumed that the Ohio Supreme Court's later dismissal of Gaiter's appeal as not involving any substantial constitutional question enforced the procedural bar.  *Hinkle*, 271 F.3d at 244.

380 F.3d at 967-968.    Based on the foregoing, the undersigned concludes that, under the third *Maupin* prong, the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim.

Under the fourth *Maupin* prong, Gaiter must demonstrate cause and prejudice in order to excuse his procedural default. *Maupin,* 785 F.2d at 138.  Gaiter argues that his appellate counsel's alleged ineffectiveness in briefing the issues presented in Ground One serves as cause to excuse his procedural default.  A claim of ineffective assistance of appellate counsel in certain circumstances may serve as cause to excuse the procedural default of the underlying substantive claim(s). *Edwards v. Carpenter*, 529 U.S. 446, 451-454 (2000).  However, in order for a petitioner's claim of ineffective assistance of appellate counsel to serve as cause to overcome a procedural default, the claim of ineffective assistance of counsel must not itself have been procedurally defaulted.  *Id.;  see also Dixon v. Hudson*, 2008 WL 540905, * 5 (N.D. Ohio Feb. 25, 2008) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).  Thus, if Gaiter procedurally defaulted his claim of ineffective assistance of appellate counsel, that claim may not serve as cause to excuse his procedural default of Ground One.  Accordingly, as set forth below, the undersigned has separately assessed whether Gaiter's claimed "cause," i.e., ineffective assistance of appellate counsel, was itself procedurally defaulted under *Maupin*.

<u>*Procedural default of alleged "cause" to excuse procedural default of Ground One*</u>

In his Ohio App. R. 26(B) Application for Reopening of his state court appeal, Gaiter argued that his appellate counsel was ineffective because he did not effectively argue that his constitutional rights were violated when the trial court overruled Gaiter's objection to evidence showing Gaiter's prior convictions, charges, and references to his prior prison incarceration.

Doc. 8-5, p. 2. However, contrary to the requirements of App. R. 26(B),[25] Gaiter filed his

Application for Reopening on August 19, 2011 (Doc. 8-5), more than ninety days beyond the

journalization of the Ohio Court of Appeals' May 19, 2010, decision. (Doc. 8-1). On

September 30, 2011, the Ohio Court of Appeals denied Gaiter's App. R. 26(B) Application,

finding that Gaiter had not timely filed his Application and failed to demonstrate good cause for

his untimely filing. Doc. 8-6. More particularly, the Ohio Court of Appeals stated:

> Appellant provides a limited explanation for the one-year delay in the filing of his
> application. Specifically, he asks this Court to grant him a filing extension
> because the delay was caused by his reliance on prior counsel, the need to find
> new counsel, and the need for new counsel to obtain all necessary documents and
> review the case. Appellant fails to indicate why the foregoing conditions
> prevented him from filing his application at an earlier time within the ninety-day
> period set forth by App.R. 26(B)(1). Moreover, Appellant "could have obtained
> other counsel or could have filed an application himself. 'What he could not do
> was ignore the rule's filing deadline.'" *State v. Hancock*, 108 Ohio St.3d 194,
> 2006-Ohio-658, at ¶9, quoting *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-
> 4755, at ¶8.
>
> This Court finds that Appellant has not shown good cause for the delay in filing
> the application for reopening. Consequently, the application is denied as
> untimely.

Doc. 8-6.

The foregoing demonstrates that, under the first two *Maupin* prongs, Gaiter failed to

comply with a state procedural rule and the state court enforced that rule. With respect to the

third *Maupin* prong, i.e., whether the state procedural rule is an adequate and independent state

ground on which the state can foreclose review of the federal constitutional claim, Respondent

points out that the Sixth Circuit has held that App. R. 26(B) constitutes an adequate and

independent state procedural rule in non-capital cases. Doc. 7, p. 20 (citing among other cases,

*Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th

---

[25] App. R. 26(B) requires that a defendant in a criminal case file an application for reopening "within ninety days
from journalization of the appellate judgment unless the applicant shows good cause for the filing at a later time."

Cir. 2007)).  Gaiter challenges Respondent's claim that App. R. 26(B) constitutes an adequate and independent state procedural rule upon which to foreclose review of ineffective assistance of appellate counsel claims.  Doc. 10, pp. 9-13.  He argues that this Court should not follow cases like *Parker* and *Scuba* but, instead, should find that, because Gaiter was still represented by the allegedly ineffective appellate counsel during the ninety-day period for filing an App. R. 26(B) Application, the ninety-day time period should not have been enforced against him. Doc. 10, p. 12.

Gaiter asserts that *United States v. Munoz*, 605 F.3d 359 (2010)[26] and *Fautenberry v. Mitchell*, 515 F.3d 614 (6th Cir. 2008) support his claim that "it is axiomatic that 'an attorney . . . is unlikely to raise an ineffective-assistance claim against himself'" and therefore Ohio's remedy for curing ineffective assistance of appellate counsel, i.e., App. R. 26(B), is inadequate because it provides no exception for situations where a defendant continues to be represented by the same appellate counsel during the ninety-day time period for filing an application to reopen.  Doc. 10, pp. 11-12.  Even if "it is axiomatic that 'an attorney . . . is unlikely to raise an ineffective-assistance claim against himself,'" the facts remain that Ohio has a procedural rule that relates to raising ineffective assistance of appellate counsel claims, the state appellate court enforced that rule (Doc. 8-6), and the Sixth Circuit has upheld a finding of procedural default based on a state appellate court's enforcement of App. R. 26(B).  *Tolliver v. Sheets*, 594 F.3d 900, 930 (6th Cir. 2010); *Parker*, 543 F.3d at 862; *Scuba*, 527 F.3d at 489.   Moreover, in *Tolliver*, the Sixth Circuit disagreed with the dicta in *Fautenberry* upon which Gaiter relies.  *See Tolliver*, 594 F.3d at 929-930 (rejecting the dicta in *Fautenberry* wherein it was "observed that at one point in time the petitioner had 'good cause' for a delay in filing a 26(B) motion, as he was still represented by his

---

[26] Although the Sixth Circuit, in *Munoz*, referenced habeas cases, *Munoz* did not involve a habeas petition.  Rather, it involved an appeal of a district court's ruling on a motion for new trial.  *Munoz*, 605 F.3d 359.

appellate attorney and as it would have been 'unreasonable to expect counsel to raise an ineffective assistance of counsel claim against himself.'"). In disagreeing with the dicta in *Fautenberry*, the Sixth Circuit stated, "Saying it is unreasonable to expect an attorney to raise an ineffective assistance claim against himself, however, is not the same as saying that the petitioner has cause to the ignore the requirements of Ohio Rule 26(B) because the petitioner is still being represented by the same counsel of whose assistance he wishes to complain." *Id.* at 930.

In light of the foregoing, the undersigned finds unpersuasive Gaiter's attempt to argue that App. R. 26(B) is not an adequate and independent state ground upon which the state can foreclose review of the federal constitutional claim. Moreover, even if Gaiter could demonstrate that the ninety-day time period should not have been enforced against him through the period of time that he continued to be represented by appellate counsel, i.e., through September 29, 2010 (the date of termination of his direct appeal), he would still be required to demonstrate cause for the delay in filing between September 29, 2010, and August 19, 2011.

Based on the foregoing, the undersigned concludes that, under the first three *Maupin* prongs, Ohio App. R. 26(B) is a state procedural rule applicable to petitioner's claim of ineffective assistance of appellate counsel and petitioner failed to comply with that rule; the state court enforced Ohio App. R. 26(B); and Ohio App. R. 26(b) is an adequate and independent state ground on which the state can foreclose review of his federal constitutional claims. Thus, Gaiter must demonstrate cause and prejudice to excuse his procedural default of the ineffective assistance of appellate counsel claims that he asserts constitute cause to excuse the procedural default of Ground One.

As cause for failing to timely file his Ohio App. R. 26(B) Application, Gaiter argues that he "trusted appellate counsel . . . [and] did not timely file an application to reopen the botched

24

appeal because the botching attorney did not advise Mr. Gaiter of the errors that appellate counsel had made and that would be meritorious on reopening."  Doc. 10, pp. 16-17. Respondent contends that Gaiter had no right to counsel in the preparation of an App. R. 26(B) application and therefore may not rely on alleged ineffectiveness of appellate counsel as cause for his untimely App. R. 26(B) Application.  Doc. 7, p. 21 (citing *Wilson v. Hurley*, 382 Fed. Appx. 471 (6th Cir. 2010); *Tolliver*, 594 F.3d at 929; *Scuba*, 527 F.3d at 489).

"Cause for procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him, . . . impeded his efforts to comply with the State's procedural rule."  *Maples v. Thomas*, 132 S.Ct. 912, 922 (2012) (emphasis in original) (citations and internal quotations omitted). "Attorney error that constitutes ineffective assistance of counsel is cause."  *Coleman v. Thompson*, 501 U.S. 722, 754 (1991).  However, where there is no constitutional right to counsel, a petitioner cannot claim constitutionally ineffective assistance of counsel.  *Coleman v. Thompson*, 501 U.S. at  752.  Generally, "[t]here is no constitutional right to an attorney in state post-conviction proceedings."[27]  *Id.* (internal citations omitted). For example, in *Wilson*, an unpublished decision, the Sixth Circuit, relying on *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (en banc), concluded that, because App. R. 26(B) creates a collateral post-conviction procedure and is not part of the direct right of appeal, the petitioner's appellate counsel's failure to advise him of the ninety day deadline for filing an App. R. 26(B) application was not cause to excuse a procedural default.  *Wilson*, 382 Fed. Appx. at 478.  Also,

---

[27] In *Martinez v. Ryan*, the Supreme Court qualified *Coleman* by recognizing a narrow exception: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." — U.S. —, 132 S.Ct. 1309, 1315, 182 L.Ed.2d 272 (2012) (the initial-review proceeding was the first designated proceeding in which the petitioner could raise a claim of ineffective assistance of trial counsel); *see also Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911, 1921, 185 L.ed.2d 1044 (2013) (applying *Martinez* where "the state procedural framework, by reason of its design and operations, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.").

in *Tolliver*, the Sixth Circuit concluded that, "[u]nder Ohio law . . . a Rule 26(B) proceeding is a 'separate collateral' proceeding rather than part of the original appeal." *Tolliver*, 594 F.3d at 929. Thus, the petitioner had "no constitutional right to counsel for the proceeding—and thus certainly had no constitutional right to *effective* counsel . . . [and] any poor advice he received from an attorney cannot establish cause for his default." *Id.* (emphasis in original) (internal citations omitted); *but see Gunner v. Welch*, 749 F.3d 511, 515 (6th Cir. 2014) (reversing this Court's denial of federal habeas relief where the lower court relied upon *Wilson* when analyzing whether appellate counsel's failure to advise his client of the triggering date for filing a post-conviction proceeding under Ohio Rev. Code § 2953.21 could constitute cause to excuse petitioner's procedural default of the only viable issue, an ineffective assistance of trial counsel claim).[28]

Here, Gaiter has failed to demonstrate that the App. R. 26(B) procedure constitutes part of his direct appeal such that he would be entitled to counsel to pursue that procedure.[29] Moreover, Gaiter has failed to argue or demonstrate how the alleged failure of appellate counsel to alert him to her own appellate counsel errors constituted ineffective assistance of counsel under *Strickland v. Washington*, 464 U.S. 810 (1983).[30]  Thus, any such arguments are waived.

---

[28] This case is distinguishable from *Gunner*.  In *Gunner,* the petitioner alleged that his failure to timely file a post-conviction proceeding pursuant to Ohio Rev. Code § 2953.21 was the result of his appellate counsel failing to advise him of the time limit for filing post-conviction petition.  *Gunner*, 749 F.3d at 515.  Here, Gaiter does not argue that his appellate counsel did not advise him of either the Ohio Court of Appeals' May 19, 2010, decision affirming his conviction or the Ohio Supreme Court's September 29, 2010, decision to dismiss his appeal.  Nor does Gaiter allege that he was unaware of the time period in which he was required to file an App. R. 26(B) application.

[29] The narrow holdings in *Martinez* and *Trevino* do not alter the undersigned's analysis.  For example, in *Martinez* , the Supreme Court explicitly stated that its holding did "not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in State's appellate courts."  132 S.Ct. at 1320.

[30] To establish that his attorney was constitutionally ineffective, a petitioner must demonstrate that (1) the attorney made such serious errors he was not functioning as "counsel" guaranteed by the Sixth Amendment; and  (2) counsel's allegedly deficient performance prejudiced the defense.  *Strickland*, 466 U.S. 668, 687 (1984).  The right to effective assistance of counsel extends to the first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387 (1984), and

*See McPherson v. Kelsey*, 125 F.3d 989, 995–996 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal citations omitted).

In addition to his failure to show that he was entitled to counsel with respect to the filing of an App. R. 26(B) application, and his failure to argue how his appellate counsel's conduct constituted ineffective assistance of counsel under *Strickland*, Gaiter also has not demonstrated that his appellate counsel's conduct prevented him from timely filing an App. R. 26(B) application. As noted by the Ohio Court of Appeals, there was nothing that precluded Gaiter from proceeding on his own to file a timely App. R. 26(B) Application. Doc. 8-6. Moreover, Gaiter's argument that he did not file an application to reopen the appeal because he trusted appellate counsel is unconvincing in light of the fact that, even before the 90 day clock started to run for the filing of an App. R. 26(B) application, Gaiter attempted to supplement the assignments of error asserted by his appellate counsel in his direct appeal, arguing "ineffectness, incompetency, and interest of both trial and appellant counsel's performance and/or lack thereof to the client's best interest" (Doc. 7-20). Thus, to the extent Gaiter argues that his failure to file his App. R. 26(B) Application while represented by appellate counsel or, even after he was no longer represented by appellate counsel, i.e., between September 29, 2010, and August 19, 2011, was because he was not aware of appellate counsel's ineffectiveness until he hired counsel to pursue his federal habeas petition, his argument is unpersuasive. Finally, Gaiter does <u>not</u> argue that his appellate counsel did not advise him of either the Ohio Court of Appeals' May 19, 2010, decision affirming his conviction or the Ohio Supreme Court's September 29, 2010, decision to dismiss his appeal. Nor does Gaiter allege that he was unaware of the time period in which he

---

*Strickland* is applied to claims of ineffective assistance of counsel, including those relating to appellate counsel. *Smith v. Murray*, 477 U.S. 527, 535-536 (1986).

was required to file an App. R. 26(B) application.  Thus, Gaiter has not demonstrated that his appellate counsel's conduct prevented him from timely filing an App. R. 26(B) application.

Accordingly, for the reasons discussed herein, the undersigned concludes that Gaiter has failed to demonstrate cause and prejudice to excuse his procedural default of Ground One.[31] Thus, the undersigned concludes that Gaiter has procedurally defaulted Ground One and should be denied federal habeas relief on Ground One.

### b.  Alternatively, Ground One is without merit

Even if Gaiter has not procedurally defaulted Ground One, he is unable to demonstrate an entitlement to federal habeas relief based on the state court's admission of evidence showing his prior convictions, charges, and prison term.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) .  Thus, "[s]tate-law evidentiary errors are not generally cognizable in habeas corpus proceedings." *Hirsch v. Brigano*, 74 Fed. Appx. 486, 489 (6th Cir. 2003).   Instead, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States." *Estelle*, 502 U.S. at 68.  "When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (internal citations omitted). Yet, "the

---

[31] The undersigned notes that a petitioner may also attempt to overcome his procedural default through a showing of a fundamental miscarriage of justice, i.e., that he is actually innocent.  A claim of actual innocence requires a showing of "new reliable evidence" and requires a showing of factual innocence, not mere legal insufficiency.  *See Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) for the proposition that "actual innocence means factual innocence, not mere legal insufficiency") (internal quotations omitted). While Gaiter makes a vague reference to innocence as it pertains to Ground Three  (Doc. 10, p. 17), Gaiter has not demonstrated that his procedural default of Ground One may be overcome on the basis that he is actually innocent.

category of infractions that violate 'fundamental fairness' [has been defined] very narrowly."
*Dowling v. United States*, 493 U.S. 342, 352 (1990); *see also Bugh*, 329 F.3d at 512.

Here, other than a general argument that the trial court's admission of evidence showing his prior convictions, charges and prison term violated his due process right to a fair trial, Gaiter fails to demonstrate or even argue that the admission of that evidence was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States such that federal habeas relief is warranted under 28 U.S.C. § 2254.  As recognized by the Sixth Circuit, the Supreme Court, in *Estelle*, declined to find that the admission of prior injury evidence violated due process and, in a footnote, stated that, since "we need not reach the issue, we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."  *Bugh*, 329 F.3d at 512 (discussing *Estelle*, 502 U.S. 75, n. 5).   Thus, in *Bugh*, the Sixth Circuit found that the district court had properly concluded that there was no Supreme Court precedent that the trial court's decision to admit prior bad acts evidence could be deemed "contrary to."[32]  329 F.3d at 511-513; *see also Hirsch v. Brigano*, 74 Fed. Appx. at 489 (relying on *Bugh* when affirming a district court's denial of habeas relief as to a petitioner's claim regarding the admission of prior-bad-acts evidence); *see also Paige v. Bradshaw*, 2007 WL 3306626, *3-5 (N.D. Ohio Nov. 3, 2007) (relying upon *Bugh* and discussing *Estelle* when finding that there was no basis to grant habeas relief based on admission of prior bad acts evidence).

---

[32] In reaching its decision in *Bugh*, the Sixth Circuit noted, "While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997); *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), it has not explicitly addressed the issue in constitutional terms." *Bugh*, 329 F.3d at 513.

Based on the foregoing, the undersigned concludes that Gaiter has not demonstrated that the trial court's admission of evidence showing prior convictions, charges and prison term was contrary to or an unreasonable application of clearly established Supreme Court precedent and therefore, even if Gaiter has not procedurally defaulted Ground One, Gaiter should be denied federal habeas relief on Ground One.

### 2. Ground Two

In Ground Two, Gaiter argues that, in violation of the Double Jeopardy Clause, the trial court erred in convicting and sentencing him to consecutive terms of imprisonment for participating in a criminal gang, having a weapon under disability, and possession of cocaine.[33] Doc. 1, p. 8.

Respondent asserts that the Ohio Court of Appeals' decision finding that Gaiter's convictions for participating in a criminal gang and possession of cocaine were not allied offenses was not contrary to or an unreasonable application of clearly established Federal law.[34] Doc. 7, pp. 22-28.

In addressing Gaiter's allied offense argument, the Ninth District Court of Appeals stated:

> {¶ 73} In his fifth assignment of error, Gaiter contends that the trial court erred in sentencing him on the conviction for participating in a criminal gang and the conviction of possession of cocaine, which both occurred on April 16, 2008, because they are allied offenses.

---

[33] As presented to the state court, Gaiter argued only that he was improperly sentenced to consecutive time for his convictions for participating in a criminal gang and possession of cocaine. Doc. 7-19, pp. 35-37. He did not present a separate argument with respect to having a weapon under disability.

[34] Respondent does not argue that Gaiter procedurally defaulted Ground Two. Except as noted above in FN 33, Gaiter presented the issue raised in Ground Two to the Ohio Court of Appeals in his fifth assignment of error (Doc. 7-19, pp. 35-37) and in Proposition of Law Two in his Memorandum in Support of Jurisdiction filed with the Ohio Supreme Court (Doc. 8-3, pp. 11-13).

{¶ 74} A defendant cannot be convicted of two separate offenses if they are "allied offenses of similar import." R.C. 2941.25(A). The Ohio Supreme Court has

> "recognized that R.C. 2941.25 requires a two-step analysis. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis sic.) (Internal citations omitted.) *State* v. Cabrales, 118 Ohio St.3d 54, 886 N.E.2d 181, 2008–Ohio–1625, at ¶ 14.

{¶ 75} With regard to the first step in the analysis, the Court explained that a court is required "to compare the elements of offenses in the abstract, i.e., without considering the evidence in the case, but does not require an exact alignment of elements." Id. at ¶ 27, 574 N.E.2d 492. Gaiter contends that possession of cocaine and participating in a criminal gang are allied offenses. He concedes, however, that "the elements are not the same for Participating in a Criminal Gang and Possession of Cocaine[.]" He, however, urges this Court to look at the facts of this case to determine that irrespective of the elements, the offenses are allied offenses. As we have explained, we are not to consider the evidence in this particular case when comparing the elements of the offenses. The elements of the two statutes, as discussed in our disposition regarding the sufficiency of the evidence, do not compare to such a degree that the commission of one results in the commission of the other. It is clear that, in the abstract, one can possess drugs without participating in a criminal gang and that one can participate in a criminal gang without possession drugs. Accordingly, Gaiter's fifth assignment of error is overruled.

Doc. 8-1, pp., 26-27, ¶¶ 73-75; *State of Ohio v. Gaiter*, 2010 WL 1986385, *16-17.

"The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Spence v. Sheets*, 675 F.Supp.2d 792, 824 (S.D. Ohio 2009). "The traditional test for double jeopardy claims is the 'same elements' test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)."

*Id.*. The test under *Blockburger* is aimed at situations where "closely connected conduct results in multiple charges under separate statutes." *Id.* The key question under the *Blockburger* test is "whether the multiple charges in reality constitute the same offense" with a focus on "whether the statutory elements of the two crimes charged are duplicative." *Id.* Where "the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both." *Id.*

Gaiter contends that the state court of appeals "focused on merger and Ohio's merger statute" (Doc. 10, p. 19) when, according to Gaiter, "the issue is double jeopardy, and the statute cannot trump that analysis" (Doc. 10, p. 19). Thus, Gaiter seems to suggest that, because the Ohio Appellate Court discussed Ohio's merger statute, Ohio Rev. Code § 2941.25, it somehow did not address the federal constitutional claim. However, "[i]n contrast to most habeas claims, which are based entirely on federal constitutional rights, a claim under the Double Jeopardy Clause requires analysis of state law; because the state legislature has the authority to define and punish crimes, the definition of multiple punishments is dependent on the legislative intent of the state government." *Person v. Sheets*, 527 Fed. Appx. 419, 423 (6th Cir. 2013) (citing *Volpe v. Trim*, 708 F.3d 688, 697 (6th Cir. 2013).

Other than vaguely suggesting that the Ohio appellate court did not actually consider his Double Jeopardy Claim, Gaiter has provided this Court with no analysis of or citations to clearly established federal law to support a claim that the state court's determination regarding the imposition of consecutive sentences was contrary to or an unreasonable application of clearly established federal law such that federal habeas relief is warranted. Accordingly, the undersigned finds that Gaiter has waived any such argument. *See McPherson*, 125 F.3d at 995–996 ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed

argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal citations omitted).

Based on the foregoing, Ground Two is waived and/or without merit and Gaiter should be denied federal habeas relief on that Ground.

### 3.  Ground Three

In Ground Three, Gaiter argues that the jury verdict form for Count Three[35] was defective and therefore does not support his third degree felony conviction for failure to comply with an order or signal of the police.  Doc. 1, p. 9; Doc. 10, pp. 20-24.  He asserts that, contrary to Ohio Rev. Code § 2945.75,[36] the verdict form for Count Three did not include the elements necessary for the enhancement to a third degree felony and lacked any indication that the conviction was for a third degree felony.  Doc. 1, p. 9.  Thus, he contends that he was convicted of only the lesser misdemeanor offense under Ohio Rev. Code § 2921.331(A), which provides that "No person shall fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic" as opposed to the felony under Ohio Rev. Code § 2921.331(B), which provides that "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a

---

[35] Count Four was renumbered Count Three.  Doc. 7-16, Doc. 7-17.

[36] Ohio Rev. Code § 2945.75(A) provides:

(A) When the presence of one or more additional elements makes an offense one of more serious degree:
(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

police officer to bring the person's motor vehicle to a stop."[37]   Doc. 10, pp. 20, 24.   Respondent

argues that Ground Three is procedurally defaulted because it was not raised on direct appeal

and/or is not cognizable on federal habeas review because it raises a matter of state law.  Doc. 7,

pp. 28-31.

### a.  Ground Three is procedurally defaulted

Gaiter's claim with respect to the jury verdict form was based on the trial court record but

was not raised on direct appeal although it could have been.[38]  Thus, Gaiter failed to fully

exhaust his claim on direct appeal in order to allow the state courts a full opportunity to resolve

his constitutional claim.  *Williams v. Bagley*, 380 F.3d at 966-967 (citing *O'Sullivan*, 526 U.S. at

845).   He would now be barred by *res judicata* from asserting his claim with respect to the

verdict forms in state court.  *Williams*, 380 F.3d at 967.  "Ohio's doctrine of *res judicata* . . .

provides in relevant part that a final judgment of conviction bars a convicted defendant from

raising in any proceeding, except an appeal from that judgment, any issue that was raised, or

could have been raised, at trial or on appeal from that judgment."  *Williams,* 380 F.3d at 932

(citing *State v. Perry*, 10 Ohio St.2d 175 (1967)).   *Res judicata* is also an adequate and

independent state ground for precluding federal habeas review.  *Williams*, 380 F.3d at 967-968*;

see also Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (citing *State v. Combs*, 652 N.E.2d

205, 209 (Ohio Ct. App. 1994 for its holding that *res judicata* precludes post-conviction relief to

---

[37] Ohio Rev. Code § 2921.331 further provides that a violation of division (B) is "a felony of the third degree if the jury . . . finds any of the following by proof beyond a reasonable doubt . . . the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property."  Ohio Rev. Code § 2921.331(C)(5).

[38] As part of his App. R. 26(B) application, Gaiter sought to raise an issue regarding the verdict form for Count Three. Doc. 8-5.  However, "a Rule 26(b) application based on ineffective assistance cannot function to preserve the underlying substantive claim such that it will not be found to be procedurally defaulted."  *Abshear v. Moore*, 354 Fed. Appx. 964, 968 (6th Cir. 2009) (quoting *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), *cert denied*, 558 U.S. 996, 130 S.Ct. 503, 175 L.Ed.2d 357 (2009)).  Therefore, raising the issue of a defective verdict form in his App. R. 26(B) application did not serve to preserve Ground Three for federal habeas review.

address constitutional claims that could have been raised on direct appeal from the conviction and sentence).

Relying on *State v. Beasly*, 14 Ohio St.3d 74 (1984), Gaiter attempts to avoid a finding of procedural default by arguing that a sentence imposed contrary to law is never final and may be challenged at any time and therefore *res judicata* does not apply.  Doc. 10, p. 20.  However, his argument is unpersuasive.  Although  Ohio has recognized that an exception to *res judicata* applies to void judgments, Ohio courts have applied *res judicata* to alleged violations of Ohio Rev. Code § 2945.75 based on the reasoning that a violation of Ohio Rev. Code § 2945.75 does not render the conviction void.  *See State v. Myers*, 2012 WL 2325587, *2 (Ohio 10th Dist. June 19, 2012), *appeal not allowed by, State v. Myers*, 133 Ohio St.3d 1413 (2012) (citing *State v. Hines*, 193 Ohio App.3d 660, 2011–Ohio–3125, ¶ 16 (3d Dist.) and  *State v. Grooms*, 9th Dist. No. 25819, 2011–Ohio–6062, ¶ 11, which applied *res judicata* to bar consideration of alleged violation of R.C. 2945.75 because violation would not render conviction void).  As stated in *Grooms*, "R.C. 2945.75 is not a sentencing statute."  *Grooms*,   2011 WL 5869747, *3 (9th Dist. 2011), *appeal not allowed by, State v.Grooms*, 131 Ohio St.3d 1476 (2012).  Thus, "an error arising from a failure to apply R.C. 2945.75 does not give rise to a void sentence."  *Id.*

In light of the foregoing, and since, for the reasons set forth with respect to Ground One, Gaiter's claim that his procedural default should be excused based on ineffective assistance of appellate counsel is without merit, Gaiter has procedurally defaulted Ground Three.

Gaiter also argues that his procedural default should be excused because he is innocent with respect to the felony conviction in Count Three.  Doc. 10, p. 20.  He contends that he was acquitted of the higher offense by operation of law but convicted of the lesser misdemeanor offense.  Doc. 10, p. 20.  Thus, he argues that "he is, in fact, 'actually innocent' of the felony, per

the jury verdict." Doc. 10, p. 20. However, in order to excuse a procedural default based on actual innocence a petitioner must show "new reliable evidence" as well as factual innocence, not mere legal insufficiency. *See Schulp v. Delo*, 513 U.S. 298, 324 (1995); *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) for the proposition that "actual innocence means factual innocence, not mere legal insufficiency") (internal quotations omitted). Gaiter has failed to satisfy the foregoing requirements for establishing actual innocence and his procedural default therefore should not be excused.

Based on the foregoing, the undersigned concludes that Gaiter's procedural default is not excused and Gaiter should be denied federal habeas relief on Ground Three.[39]

### b. Alternatively, Ground Three is not cognizable

Even if Gaiter did not procedurally default Ground Three, Ground Three is not cognizable on federal habeas review. In Ground Three, Gaiter raises an issue of state law, i.e., the possibility of an error with respect to the verdict form for Count Three under Ohio Rev. Code § 2945.75. However, a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). Although Gaiter attempts to frame the issue raised in Ground Three in federal constitutional terms, i.e., a due process violation (Doc. 10, pp. 21-22), his vague and conclusory argument is not persuasive. *See e.g. Hughley v. Reid*, 2010 WL 3069569, * 14 (N.D. Ohio Mar. 31, 2010) (concluding that the petitioner's challenge to verdict forms was procedurally defaulted and/or raised an issue of state law and was not cognizable on federal habeas review), *report and*

---

[39] Even if Gaiter had not procedurally defaulted Ground Three, Gaiter's claim that the jury instructions and verdict with respect to Count Three were more consistent with Ohio Rev. Code § 2921.331(A), a misdemeanor and that no special findings were made to support the felony conviction on Count Three (Doc. 10, p. 24), is not supported by the trial court record. *See* Doc. 8-17, pp. 73-77, 94-95 (jury instructions); Doc. 8-10, p. 3 (docket entry reflecting jury's answer to special interrogatory regarding Count Three); Doc. 8-18, pp. 14-15 (transcript of return of verdict).

*recommendation adopted*, 2010 WL 3069567, *4 (Aug. 3, 2010) (adopting recommendation to dismiss petitioner's challenge to the verdict forms on the basis that the issue had been procedurally defaulted).

For the reasons set forth above, the undersigned concludes that, even if Gaiter did not procedurally default Ground Three, it raises an issue of state law and is not cognizable on federal habeas review.  Accordingly, Gaiter should be denied federal habeas relief on Ground Three.

### 4.  Ground Four

In Ground Four, Gaiter challenges the constitutionality of Ohio Rev. Code § 2923.42(A) which makes it a crime to participate in a criminal gang, arguing that the statute is unconstitutionally vague and overbroad.  Doc. 1, p. 11.  Respondent argues that Gaiter has procedurally defaulted Ground Four because he failed to challenge the constitutionality of Ohio Rev. Code § 2923.42 at the first available opportunity, i.e., in the trial court.  Doc. 7, pp. 31-32.

On direct appeal, Gaiter raised a challenge to the constitutionality of Ohio Rev. Code § 2923.42.  However, the Ohio Court of Appeals overruled his assignment of error stating:

{¶ 11} In his second assignment of error, Gaiter contends that R.C. 2923.42(A) is unconstitutional because it is vague and its prohibitions are not clearly defined. The record reflects that Gaiter failed to raise this argument in the trial court.

{¶ 12} The "'[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a [forfeiture] of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.' " State v. Dent, 9th Dist. No. 23855, 2008–Ohio–660,, at ¶ 7, quoting State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus, limited by In re M.D. (1988), 38 Ohio St.3d 149, 527 N.E.2d 286. While a defendant who forfeits such an argument still may argue plain error on appeal, this court will not sua sponte undertake a plain-error analysis if a defendant fails to do so. See State v. Hairston, 9th Dist. No. 05CA008768, 2006–Ohio–4925, at ¶ 11. Because Gaiter forfeited this issue on appeal and has not raised a claim of plain error, we must conclude that his second assignment of error lacks merit. Gaiter's second assignment of error is overruled.

Doc. 8-1, pp., 3-4, ¶¶ 11-12; *State of Ohio v. Gaiter*, 2010 WL 1986385, *2.

In light of Gaiter's failure to timely challenge or object to the constitutionality of Ohio Rev. Code § 2923.42 in the trial court[40] and the Ohio appellate court's decision to overrule Gaiter's assignment of error on that basis, Respondent contends that Gaiter procedurally defaulted Ground Four.  Doc. 7, pp. 31-32.  Respondent also argues, for reasons previously argued with respect to Ground One, that the alleged ineffective assistance of trial and/or appellate counsel, as claimed by Gaiter, may not serve as cause to excuse Gaiter's procedural default of the issues raised in Ground Four and that Gaiter has failed to establish actual innocence.  Doc. 7, p. 32.   In response, Gaiter does not contend that he challenged the constitutionality of Ohio Rev. Code § 2923.42 at trial.  Rather, he attempts to overcome the procedural default by relying upon his earlier responses to Respondent's arguments as to why the alleged ineffectiveness of appellate counsel does not constitute cause to excuse his procedural defaults.  However, as discussed above, those responses are insufficient to overcome Gaiter's procedural defaults, including his procedural default of Ground Four.  Accordingly, Gaiter should be denied federal habeas relief on Ground Four.

### 5.  Ground Five

In Ground Five and in his motion for inclusion of additional ground, Gaiter argues that his trial counsel was ineffective for failing to raise and litigate the constitutionality of Ohio Rev. Code § 2923.42, the participating in a criminal gang statute; for failing to object to erroneous jury instructions; and for failing to seek suppression of evidence of prior predicates and/or "bad acts."  Doc. 1, p. 15; Doc. 5.  Respondent argues, for reasons previously argued with respect to

---

[40] Additionally, although Gaiter filed a notice of appeal and memorandum in support of jurisdiction with the Ohio Supreme Court from the Ohio Court of Appeals' May 19, 2010, decision, he did not include in the Propositions of Law he presented to the Ohio Supreme Court his challenge to the constitutionality of Ohio Rev. Code § 2923.42.

Ground Three, that Gaiter has procedurally defaulted Ground Five because he failed to raise a claim of ineffective assistance of trial counsel on direct appeal.  Doc. 7, p. 33.  Gaiter does not contend that he raised ineffective assistance of trial counsel claims on direct appeal.[41]  Rather he argues that he raised those issues in his App. R. 26(B) application.  Doc. 5.   However, as previously discussed, Gaiter's inclusion of an ineffective assistance of trial counsel claim in his App. R. 26(B) Application did not preserve those claims for federal habeas review.  *Abshear*, 354 Fed. Appx. at 968 ("A Rule 26(b) application based on ineffective assistance cannot function to preserve the underlying substantive claim such that it will not be found to be procedurally defaulted.") (quoting *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), *cert denied*, 558 U.S. 996, 130 S.Ct. 503, 175 L.Ed.2d 357 (2009)).

With respect to Respondent's procedural default argument, Gaiter relies upon his earlier responses to Respondent's arguments as to why the alleged ineffectiveness of appellate counsel does not constitute cause to excuse his procedural defaults.  However, as discussed above, those responses are insufficient to overcome Gaiter's procedural defaults, including his procedural default of Ground Five.  Accordingly, Gaiter should be denied federal habeas relief on Ground Five.

---

[41] Respondent argues that Gaiter's attempt to raise a non-specific ineffective assistance of trial counsel claim in his *pro se* filing with the Ohio Court of Appeals (Doc. 7-20), which was stricken by that court (Doc. 7-21), was insufficient to preserve his alleged ineffective assistance of trial counsel claims.  Doc. 7, p. 33, n. 8.  Gaiter does not refute Respondent's contention.

### IV.     Conclusion and Recommendation

For the reasons stated herein, the undersigned recommends that Gaiter's Petition for writ

of habeas corpus be DENIED.


Dated: October 22, 2014

_____
Kathleen B. Burke
United States Magistrate Judge


## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir.
1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).