PEARSON, J.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| RAY C. GAITER, | ) | CASE NO.  5:11CV2743 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| DAVID BOBBY, *Warden* | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Resolving ECF No. 12] |

Before the Court is Petitioner Ray C. Gaiter's petition, by and through counsel, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1 (amended by ECF No. 5).  United States Magistrate Judge Kathleen B. Burke prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B), and recommended that the habeas petition be denied.  ECF No. 11.  Petitioner timely filed objections to the report and recommendations.  ECF No. 12.  The Court has reviewed the above filings, the relevant portions of the record, and the governing law.  For the reasons provided, the Court overrules Petitioner's objections, adopts the report and recommendations, and denies the habeas petition.

### I. Factual and Procedural History

#### A.    Factual History

The Ohio Ninth District Court of Appeals summarized the facts underlying Petitioner's conviction as follows:

> {¶ 2} On April 16, 2008, Akron Police officers were working with the State Highway Patrol to conduct a gun violence sweep in targeted areas of Akron, Ohio. During this investigation, officers noticed a vehicle, which they later

(5:11CV2743)

> determined to be driven by Gaiter. Officers started to follow the vehicle, and upon observing a traffic violation, attempted to pull the vehicle over. Gaiter, however, attempted to elude the police. During the chase, he threw a baggie out of the driver's side window. Officers retrieved the item. After a foot chase, officers subdued Gaiter. The baggie contained over 175 grams of crack cocaine.
>
> * * *
>
> {¶ 5} On February 11, 2009, Gaiter was pulled over for speeding. When removed from the vehicle, officers found a partially smoked marijuana blunt and a loaded semi-automatic pistol.

*State of Ohio v. Gaiter*, 2010 WL 1986385, at*1 (Ohio Ct. App. May 19, 2010) (hereinafter "ECF NO-8-1" at 1-2).[1]

## B. State Conviction

Petitioner was indicted on a total of ten counts in four separate indictments for events occurring on two separate dates. On May 1, 2008, a grand jury indicted Gaiter on four counts: possession of cocaine (R.C. § 2925.11(A)(C)(4)) with a major drug offender specification (R.C. §2941.1410), a felony in the first degree; possession of marijuana, a minor misdemeanor (R.C. § 2925.11(A)(C)(3)); tampering with evidence, a felony in the third degree (R.C. § 2925.11(A)(C)(4)); and failure to comply with the order or signal of a police officer, a felony in the third degree (R.C. § 2921.331(B)). ECF No. 7-2. On May 19, 2008, a grand jury issued a supplemental indictment for the crime of criminal gang activity, a felony in the second degree (R.C. § 2923.42(A)). ECF No. 7-4. On November 7, 2008, a grand jury issued a second supplemental indictment for the crime of participating in a criminal gang, a felony in the second degree (R.C. § 2923.42(A)). ECF No. 7-8. The aforementioned six counts related to events that occurred on April 16, 2008. ECF No. 7-2. On

---

[1] For purposes of his federal habeas action, Petitioner doe not challenge the Court of Appeals' recitation of the facts. ECF No. 10 at 6.

(5:11CV2743)

February 24, 2009, Petitioner was indicted on four more counts for events that occurred on February 11, 2009.  ECF No. 7-11.  A grand jury indicted Petitioner for having weapons while under disability, a felony in the third degree (R.C. § 2923.13(A)(2)(3)); carrying a concealed weapon, a felony in the fourth degree (R.C. § 2923.12(A)(2)); possession of marijuana, a minor misdemeanor (R.C. § 2925.11(A)(C)(3)); and unlawful speeding, a minor misdemeanor (R.C § 4511.21).  ECF No. 7-11.

Petitioner pled not guilty to all counts.  ECF NOS. 7-3; 7-5; 7-9; 7-13.  Petitioner filed two motions to suppress evidence and dismiss the case, which the trial court denied.  ECF NOS. 7-6; 7-14.

Prior to trial, three counts were dropped (possession of marijuana, criminal gang activity, and participating in criminal gang activity).  ECF No. 7-16; 7-17.  At trial, the judge found Petitioner guilty of the remaining possession of marijuana charge and speeding.  ECF No. 7-16.  The jury returned verdicts of guilty on the remaining counts: possession of cocaine, tampering with evidence, failure to comply with order or signal of police officer, criminal gang activity, having weapons under disability, and carrying a concealed weapon.  ECF No. 7-16.  The trial court determined that Petitioner was a major drug offender.  ECF No. 7-16.

On April 21, 2009, the trial court imposed a mandatory 10 year term on Petitioner for possession of cocaine; 2 years for tampering with evidence; 3 years for failure to comply with the order or signal of a police officer; a mandatory term of 6 years for criminal gang activity; 3 years for having weapons while under a disability; and 1 year for carrying concealed weapons.  ECF No. 7-17.  The term for carrying concealed weapons was ordered to run concurrently with the other convictions,

(5:11CV2743)

which were to run consecutively, for a total sentence of 24 years. *Id*. The Court also imposed and waived $100.00 in fines for the minor misdemeanor convictions. *Id*. The Court also ordered that Petitioner serve 5 years of post-control release and suspended Petitioner's license as mandated by statute. *Id*.

### C. Direct Appeal

Petitioner, by and through counsel, timely filed a notice of appeal with the Ohio Court of Appeals on April 24, 2009. ECF No. 7-18. His appeal contained the following six assignments of error:

> 1. The trial court erred and abused its discretion in denying appellant's motion to sever two separate and unrelated incidents for trial.
>
> 2. Ohio's participating in criminal gang statute per R.C. 2923.42(A) is unconstitutional due to its vagueness and because its prohibitions are not clearly defined.
>
> 3. The appellant's constitutional right to due process and a fair trial was violated when the trial court overruled the appellant's objection to the following information being used and/or given to the jury during trial and at the close of the trial prior to deliberation: 1) certified copies of judgment entries which not only showed the appellant's convictions, but also reflected the multiple charges against the appellant which had been dismissed; 2) a non-evidentiary timeline, which included information regarding the appellant's previous prison term, created by law enforcement to be used in trial; and 3) references to the appellant's prison incarceration.
>
> 4. The trial court erred in denying the appellant's Crim R. 29 Motion for acquittal due to the insufficiency of evidence presented by the appellee during the trial regarding the charges in issue.
>
> 5. The trial court erred in sentencing the appellant to separate and consecutive time regarding the participating in a criminal gang and the other offenses which allegedly

(5:11CV2743)

occurred on April 16, 2009,[2] because appellant's acts were not committed separately and nor did he have a separate animus for each alleged offense; wherefore, the sentencing for the participating in a criminal gang offense separately and consecutively constitutes a violation of the appellant's right to be free from double jeopardy which mandates that no person shall "for the same offence to be twice put in jeopardy of life or limb."

6.  The trial court erred in improperly instructing the jury on the participating in a criminal gang.

ECF No. 7-19.  On December 28, 2009, Petitioner filed, *pro se*, a Motion for Leave to Supplement

Appellant Assignment of Error Brief with the following seven additional assignments of error:

A.) Ineffectiveness of trial counsel at critical stages in preparation that fall below the legal standards;

B.) Confrontation violation's and affective cross examination of witness;

C.) Brady v. Maryland, Discovery violation's on state suppression of favorable evidence; Chain of custody breakage on evidence, and evident tampering of evidence;

D.) Structural error in the indictment and/or complaint;

E.) Unconstitutionality of penalties for crack cocaine and powder cocaine laws of Ohio and the federal question is preserved on review;

F.) Consecutive sentence's are contrary to law;

G.) Other constitutional questions of public interest involving state and federal laws being abridged.

ECF No. 7-20 at 2.  Petitioner also filed, *pro se, a* Motion for Bail pending Direct Appeal and a

Motion for Post Discovery Order against Prosecution.  ECF No. 7-23.  The Court of Appeals denied

Petitioner's motions because Petitioner was represented by counsel and thus could not file *pro se*

---

[2] The year of this date is incorrect.  The correct date, listed in Appellant's Statement of the Case, is April 16, 2008.  *See supra* p. 2.

(5:11CV2743)

motions. ECF No. 7-21; ECF No. 7-25. The Court of Appeals struck Petitioner's Motion for Leave

to Supplement from the record. ECF No. 7-21.

The state filed an opposition to Petitioner's direct appeal. ECF No. 7-26. On May 19, 2010,

the Court of Appeals affirmed the judgment of the trial court. ECF No. 8-1.

Petitioner, by and through counsel, appealed the decision of the Court of Appeals to the

Ohio Supreme Court. ECF No. 8-2. In his Memorandum in Support of Jurisdiction, Petitioner

argued the following propositions of law:

> 1. The appellant's constitutional right to due process and a fair trial was violated
> when the trial court overruled the appellant's objection to very inflammatory
> documents being given to the jury during the trial and during deliberations.
>
> 2. The trial court erred, and the Ninth District Court of Appeals erred in affirming the
> trial court's order, convicting and in sentencing the appellant to separate and
> consecutive terms of imprisonments for the offenses of participating in a criminal
> hang, having weapon under disability and possession of cocaine allegedly all of
> which occurred on April 16, 2008, because appellant's acts were not committed
> separately and nor did he have a separate animus for each alleged offense; wherefore,
> the conviction and sentencing for the participating in a criminal gang offense
> separately and consecutively to possession of cocaine constitutes a violation of the
> appellant's right to be free from double jeopardy.

ECF No. 8-3. On September 29, 2010, the Ohio Supreme Court declined jurisdiction and dismissed

Petitioner's appeal because it did not involve any substantial legal question. ECF No. 8-4.

### D.    Application for Reopening Pursuant to Ohio App. R 26(B)

On September 29, 2011, by and through new counsel, Petitioner filed a Motion for

Allowance of a Delayed Reopening of the Appeal pursuant to Ohio Appellate Rule 26(B)[3]. ECF

---

[3] This Rule states in relevant part "(1) A defendant in a criminal case may apply for
reopening of the appeal from the judgment of conviction and sentence, based on a claim of

(continued...)

(5:11CV2743)

No. 8-5.  Petitioners stated the following assignments of error that he alleged his appellate counsel did not argue or did not argue effectively:

> 1. The Verdict Form as to Count III, failure to comply, was insufficient for a conviction of the felony three version of the offense and only sufficient as to the misdemeanor version of the offense.[4]

> 2. Ohio's participating in criminal gang statute per R.C. 2923.42(A) is unconstitutional due to its vagueness and because its prohibitions are not clearly defined, and because of overbreadth.[5]

> 3. Trial counsel was ineffective for failure to raise and litigate the vagueness of Ohio's gang participation statute, for failure to object to errant jury instructions, and for not seeking suppression of evidence from prior predicates and/or "bad acts" used against Mr. Gaiter.

> 4. Gaiter's constitutional right to due process and a fair trial was violated when the trial court overruled Gaiter's objection to the following information being used and/or given to the jury during trial and at the close of the trial prior to deliberations: 1) certified copies of judgment entries which not only showed Gaiter's convictions, but also reflected the multiple charges against Gaiter which had been dismissed; 2) a non-evidentiary timeline, which included information regarding Gaiter's previous prison term, created by law enforcement to be used in trial, and 3) references to Gaiter's prior prison incarceration.

> 5. The trial court erred and abused its discretion in denying [Gaiter's] motion to sever two separate and unrelated incidents for trial.

---

[3](...continued)
ineffective assistance of appellate counsel.  An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

[4] Petitioner argued that assignments of error 1 and 3 raised new issues.  ECF No. 8-5.

[5] Petitioner argued that assignments of error 2, 4, and 5 were raised in part in his appeal but his appellate counsel argued the issue poorly.  ECF No. 8-5.

(5:11CV2743)

ECF No. 8-5. On September 30, 2011, the Court of Appeals denied Petitioner's 26(B) application as untimely and without good cause for delay, as 26(B) applications must be filed within 90 days of the Court of Appeal's journalized May 19, 2010 decision. ECF No. 8-6.

On October 27, 2011, Petitioner, by and through counsel, filed a Notice of Appeal of the Court of Appeals' denial of reopening with the Ohio Supreme Court. ECF No. 8-7. In his Memorandum in Support of Jurisdiction, Petitioner argued the following propositions of law:

> 1. Appellate Court should freely and liberally grant leave to file a delayed application for reopening pursuant to Appellate Rule 26(B) if the applicant establishes a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal and if the applicant has been represented by ineffective counsel through further continuing and timely appellate litigation and has the time to file a habeas petition from a State conviction has not yet expired. As this was not done in Mr. Gaiter's case, this matter should be remanded with instruction to consider the merits of Mr. Gaiter's cause.

ECF No. 8-8. On December 21, 2011, the Ohio Supreme Court dismissed Petitioner's appeal because it did not involve any substantial constitutional question. ECF No. 8-9.

### E.    Federal Habeas Corpus

On December 19, 2011, Petitioner filed a habeas petition by and through counsel. Petitioner raised the following five grounds for relief:

> **Ground One:** Due Process was violated when court overruled objection to certified copies of judgment entries with multiple charges that had been dismissed; non-evidentiary timeline; and references to prior prison incarceration.

> *Supporting Facts*: Trial court overruled Gaiter's objection to 1) certified copies of judgment entries which not only showed Gaiter's convictions, but also reflected multiple charges against Gaiter that had been dismissed; 2) a non-evidentiary timeline, which included information regarding Gaiter's previous prison term, created by law enforcement to be used in trial; and 3) references to Gaiter's prior incarceration. Counsel requested in limine the redaction of the prior prison sentence. Counsel orally moved to redact references to dismissed charges. Counsel made oral

(5:11CV2743)

Motion in Limine, questioning appropriateness of jury being advised of dismissed charges and asking for redaction of "it is further ordered that the charge of felonious assault as contained in Count 1 and burglary as contained in Count 2 of the indictment be dismissed." Counsel, after the prosecution arguments, "I don't -- they could not have introduced testimony as to the dismissed charges, they can only introduce testimony as to convictions, unless they brought it in as other acts and introduced testimony on it, which they did not. So I don't think it would be -- I don't think it would come in from the witness stand, and I don't think it should come in through the exhibit and I just note my objection."

**Ground Two:** Court erred convicting and sentencing to consecutive imprisonment for participating in criminal gang, having weapon under disability and possession of cocaine, a violation of double jeopardy.

*Supporting Facts*: On April 16, 2008, Akron Police officers conducted a gun violence sweep in targeted areas of Akron. Officers noticed a vehicle, later determined to be driven by Gaiter. Officers followed the vehicle, and upon observing a traffic violation, attempted to pull the vehicle over. Gaiter, however, attempted to elude the police. During the chase, he threw a baggie out of the driver's side window. Officers retrieved the item. After a foot chase, officers subdued Gaiter. The baggie contained over 175 grams of crack cocaine. Gaiter was indicted for possession of cocaine, possession of marijuana, tampering with evidence, and failure to comply with an order or signal of a police officer. A supplemental indictment charged criminal gang activity. On February 11, 2009, Gaiter was pulled over for speeding. When removed from the vehicle, officers found a partially smoked marijuana blunt and a loaded semi-automatic pistol. For that, Gaiter was indicted for having a weapon under a disability, carrying a concealed weapon, possession of marijuana and speeding. A supplemental indictment charged participating in a criminal gang. The Weapons Under Disability and Possession of Cocaine were predicates for the Participating charge.

**Ground Three**: The conviction and sentence violates the right to trial by jury in that the State enhanced penalties to felony penalties rather than misdemeanor notwithstanding the verdict as to Failure to Comply.

*Supporting Facts*: Mr. Gaiter was convicted of a violation of R.C. §2921.331, "Failure to Comply." The Trial Court construed this conviction as a felony of the third degree. As a result, he was sentenced to three (3) years, consecutive. However, the verdict form for this Count III did not include the elements necessary for the enhancement to a felony of the third degree and lacked any indication that the conviction was for the third degree version of the statute.

(5:11CV2743)

**Ground Four**: Ohio's participating in criminal gang statute per R.C. 2923.42(A) is unconstitutional due to its vagueness and because its prohibitions are not clearly defined, and because of overbreadth.

*Supporting Facts*: Prior appellate counsel raised the issue of the vagueness of §2923.42. That issue failed, per this Honorable Court, because prior appellate counsel failed to raise the issue as "plain error." Mr. Gaiter is seeking to so raise that issue as plain error in reopening, with additional briefing to explain better the vagueness. The term "one of its primary activities" in the definition of a criminal gang (R.C. §2923.41(A)(1) is unconstitutionally vague. The nomenclature of the statute is so misleading in the context of the words of the statute as to render the statute unconstitutionally vague.

**Ground Five**: Trial counsel was ineffective for failure to raise and litigate the vagueness of Ohio's gang participation statute, for failure to object to errant jury instructions, and for not seeking suppression of evidence from prior predicates and/or "bad acts" used against Mr. Gaiter.

*Supporting Facts*: This Court rejected the argument during direct appeal that Ohio's Gang Participation statute was unconstitutionally vague, determining issue waived by trial counsel except on plain error analysis. Additionally, appellate Court rejected arguments as to the errant jury instructions because trial counsel had not preserved an objection to same. Trial involved countless instances of alleged prior bad acts, whether they be "bad acts" evidence or predicates evidence. Trial counsel was ineffective in not seeking suppression and/or exclusion of this evidence. In at least one instance, evidence that had previously been suppressed from a prior case was allowed in to this late case because trial counsel did nothing to note that implausibility.

ECF No. 1. The State filed a return of writ. ECF No. 7. Petitioner filed a traverse. ECF No. 10. United States Magistrate Judge Kathleen B. Burke issued a report and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B), in which she recommended that the habeas petition should be denied in part and dismissed in part. ECF No. 11. Petitioner timely filed objections. ECF No. 12. Petitioner has objected to the magistrate judge's findings on each of the five grounds. Petitioner's objections are ripe for review.

(5:11CV2743)

## II.  AEDPA Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a petition for a writ of habeas corpus with respect to any claim that was decided on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  As interpreted by the United States Supreme Court:

> [u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The *Williams* Court emphasized that a court making the "unreasonable application" inquiry may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.  Rather, a federal habeas court should ask whether the state court's application of clearly established federal law was "objectively unreasonable."  *Id.* at 409.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011).  Stated differently, in order to obtain federal habeas relief, a state prisoner "must show that the state court's

(5:11CV2743)

ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "This [is a] difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt . . . ." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (citation omitted; internal quotations omitted). Furthermore, pursuant to *Pinholster*, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* The petitioner carries the burden of proof. *Pinholster*, 131 S.Ct. at 1398.

### III. Discussion

#### A.       First Objection: Due Process Violation

Petitioner argues that ineffective assistance of appellate counsel served as the cause for the inadequate presentation of his due process violation claim on direct appeal. Substantively, Petitioner argues that the trial court violated his due process when it overruled his objections to 1) submission of certified copies of judgment entries with dismissed charges, 2) a non-evidentiary timeline, and 3) references to prior prison incarceration. Before trial, Petitioner's counsel requested in an oral Motion in Limine to prohibit any reference or disclosure of Petitioner's prior prison term or previous gang conviction. ECF No. 8-15 at 22. The Court denied the Motion and allowed disclosure of Petitioner's criminal past. ECF No. 8-16 at 24. During trial, Petitioner's counsel moved for the redaction of Petitioner's dismissed charges from the State's journalized entry. ECF No. 8-16 at 236-38. The Court overruled Petitioner's objection and allowed into evidence entries that included Petitioner's dismissed charges. ECF No. 8-16 at 241.

(5:11CV2743)

On direct appeal, the Court of Appeals affirmed the judgment of the trial court, holding that the trial court did not abuse its discretion when it allowed disclosure of Petitioner's criminal past, including incarceration.  ECF No. 8-1 at 5.  The Court of Appeals noted that Petitioner did not mention or brief the issue of the trial attorney objecting to dismissed charges, and therefore, the Court did not reach this issue.  *Id.*  Furthermore, although Petitioner had objected to the disclosure or reference to past convictions and prison sentence before the trial began, he did not object to the evidence once brought in during trial.  *Id.* at 6.

Petitioner sought to reopen his appeal under Ohio Appellate Rule 26(B) in order to argue ineffective assistance of counsel for counsel's failure to properly present his due process claim; however he submitted his Rule 26(B) application exactly one year after the statutory deadline. Accordingly, the Court of Appeals denied Petitioner's application as procedurally defaulted without good cause.  ECF No. 8-6.  Petitioner argues that ineffective assistance of appellate counsel can serve as cause to excuse the procedural default that stemmed from his delayed application.  ECF No. 10 *passim*.

### 1.    Procedural Default

To have claims reviewed in federal court, a petitioner must first meet certain procedural requirements.  *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006).  A petitioner's claim is procedurally defaulted if state court remedies are no longer available. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  A petitioner can procedurally default his claim by failing "to comply with state procedural rules in presenting his claims to the appropriate state court."  *Id*.  The Sixth Circuit has established a four-part test for determining whether a claim is barred on habeas corpus review because of a petitioner's failure to comply

(5:11CV2743)

with a state procedural rule.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  First, the federal court must determine whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule.  *Id*.  Second, the federal court must determine whether the state courts enforced the state procedural sanction - that is, whether the state courts actually based their decision on the procedural rule.  *Id*.  Third, the federal court must consider whether the state rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. Finally, if a claim is procedurally defaulted, a federal court may only consider the merits of the claim if the petitioner demonstrates either: (1) there was cause for him not to follow the procedural rule and he was actually prejudiced by the alleged constitutional error; or (2) a fundamental miscarriage of justice will result from a bar of federal habeas review.  *Id*.

Applying *Maupin* to the matter before the Court, first, a state procedural rule applies to Petitioner's ineffective assistance of counsel claim and Petitioner failed to follow that rule.  A timely filed application under Ohio Appellate Rule 26(B) should have been filed by August 19, 2010, 90 days after the journalization of the May 19, 2010 decision of the Ninth District Court of Appeals.  Petitioner failed to comply with this rule and filed his application for reopening his appeal on August 19, 2011, exactly one year too late.  Second, the Ninth District Court of Appeals actually based its denial of Petitioner's 26(B) application to reopen on Petitioner's failure to timely file, stating, in relevant part, that Petitioner could not just ignore the rule's filing deadline.  ECF No. 8-6 at 2.  Third, the state rule is an adequate and independent ground on which the state can rely to foreclose federal review of a federal constitutional claim.  The Sixth Circuit has held that Ohio App. R. 26(B) constitutes an adequate and independent state

(5:11CV2743)

procedural rule in non-capital cases.  *See Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008)

(holding that petitioner's "application to reopen was an adequate and independent state

procedural ground for the Ohio courts' denial of the application . . . [petitioner's] procedural

default was therefore properly held to foreclose habeas relief on his claim for ineffective

assistance of appellate counsel"); *see also Landrum v. Mitchell*, 625 F.3d 905, 917 (6th Cir.

2010) (same).

      The crux of Petitioner's first objection lies in the fourth and final part of the *Maupin* test.

Petitioner argues that there was cause for Petitioner not to follow the 90 day filing rule because

Petitioner relied upon ineffective appellate counsel, who could not have been expected to raise

an ineffective assistance of counsel claim against himself.  Petitioner argues that case law

supports his proposition that "reliance upon appellate counsel to one's detriment is

constitutional cause for evading Ohio's Appellate Rule 26(B)."  ECF No. 12; *see Fautenberry v.

Mitchell*, 515 F.3d 614 (6th Cir. 2008); *see also United States v. Munoz*, 605 F.3d 359 (2010).

The Court in *Fautenberry* states in dicta that, at one point, the Petitioner may have had good

cause for a delay in filing a 26(B) application because he had yet to retain new counsel.

*Fautenberry* at 641.  Still, the Court declared that Petitioner had procedurally defaulted his

ineffective assistance of appellate counsel claim on account of his untimely filing of his 26(B)

application, filed six months after he had retained new counsel  *Id.* at 640.

      In the instant matter, the Court does not find the dicta in *Fautenberry* persuasive.  Nor

does the Court find *Munoz* persuasive, a case involving an appeal of a district court's ruling on

an untimely motion for new trial under Federal Rule of Criminal Procedural 33, not the effect of

an untimely application to reopen an appeal on a habeas petition.  *Munoz*, 605 F.3d at 367.  In

(5:11CV2743)

*Munoz*, the Sixth Circuit held that the district court did not abuse its discretion in deciding that a 6-month late filing was the result of excusable neglect because of trial counsel's errors. *Id.* at 362. In the matter before the Court, Petitioner waited more than a year from the Ninth District Court's journalization of its decision to file his 26(B) application. While Petitioner is entitled to counsel for his direct appeal, a 26(B) application to reopen an appeal is considered a collateral proceeding. *Morgan v. Eads*, 104 Ohio St.3d 142, 146 (2004) ("App.R. 26(B) process is not part of the original appeal but instead is a separate and collateral postconviction process.") Petitioner could have submitted his application *pro se*. Furthermore, as Petitioner duly acknowledges in his objections, the Sixth Circuit has upheld a finding of procedural default based on a state appellate court's enforcement of App. R. 26(B). *See Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010). The Court in *Tolliver* explicitly rejected the dicta in *Fautenberry* and concluded that "a petitioner does not have cause for procedural default in filing a collateral motion or application concerning ineffective assistance of counsel because he continues to be represented on direct appeal by the counsel of whose assistance he wishes to complain." *Id.* at 930.

In his objection, Petitioner engages in a guessing game to ponder how the judges who decided *Fautenberry* and *Tolliver* would decide his case. But *Tolliver*'s conclusive holding must sideline *Fautenberry*'s dicta. Petitioner has not demonstrated cause for waiting a year to file his 26(B) application, and therefore, he fails the fourth *Maupin* prong. Nothing precluded Petitioner from filing his own 26(B) application. The Court notes that Petitioner attempted to supplement the assignments of error asserted by his appellate counsel on direct appeal *pro se*. ECF No. 7-20. Finding Petitioner's factual arguments and legal deductions unconvincing, this

(5:11CV2743)

Court overrules Petitioner's objection.[6]  Furthermore, the Court holds that an appeal on this

matter can not to be taken in good faith and therefore denies Petitioner's request for a Certificate

of Appealability on this issue under 28 U.S.C. § 2253(c).

### 2.     Merits of Due Process Claim

Petitioner argues, in the alternative, that the magistrate judge was incorrect in ruling that

Petitioner's due process violation claim lacked merit.  Petitioner contends that the magistrate

judge should not have limited her review of the merits of his claim to 28 U.S.C. § 2254(d)(1),

but rather should have also assessed the merits under 28 U.S.C. §2254(d)(2)[7], which Petitioner

asserts is the primary basis of his claim.  The state court's failing, Petitioner argues, was the

Ninth District Court of Appeals' incorrect factual determination that Petitioner had not properly

objected to the state court's admission of evidence showing Petitioner's prior convictions,

charges, and prison term.  The Sixth Circuit has held that "'where there are two permissible

views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'"

---

[6]As mentioned above, Petitioner may also attempt to overcome his procedural default by showing a fundamental miscarriage of justice.  Petitioner must prove that he is in fact innocent of the crime for which he was convicted by presenting new evidence. *McQuiggin v. Perkins*, 133 S.Ct 1924, 1931 (2013).  Petitioner does not present any evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299-300 (1995).

[7]This section states "(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

(5:11CV2743)

*Moore v. Mitchell*, 708 F.3d 760, 786 (6th Cir. 2003) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).

  In the matter before the Court, the Ninth District Court of Appeals did not function as a factfinder, but rather reviewed the fact-finding of the trial court using an abuse of discretion standard.  *See* ECF No. 8-1 at 5 ("An appellate court will not disturb evidentiary rulings absent an abuse of discretion") (citing *State v. Roberts*, 156 Ohio App.3d 352, 2004-Ohio-962, at ¶14).  While the Court of Appeals announced the standard, it proved immaterial to Petitioner's case.  Before trial, the trial court, over Petitioner's objection in a Motion *in Limine*, chose to allow the prosecution to bring in evidence regarding Petitioner's prior prison sentence and criminal gang conviction.  Contrary to Petitioner's allegations in his objections, the Appeals Court did acknowledge his Motion *in Limine*.[8]  Crucially, however, Petitioner did not move to exclude this evidence at trial when an officer testified to the certified journal entries.  *See Scott v. Mitchell*, 209 F.3d 854, 866 (6th Cir. 2000), cert. denied, 531 U.S. 1021 (2000) (stating that the failure to raise a contemporaneous objection to a claimed error in the trial court constitutes a procedural bar to review of the error on direct appeal).  Petitioner failed to preserve his objection for the record and cannot now argue that the state's decision was based on an unreasonable determination of the facts unless Petitioner could have shown "plain error."  *Id.*

  Still, Petitioner argues that he did in fact object during trial to the admission of dismissed charges.  The trial court overruled Petitioner's objection during trial and allowed in

---

  [8] "Gaiter points to a discussion prior to trial in which he made an oral 'motion in limine to prohibit any reference or disclosure to the jury that [] Gaiter served prison time as a result of the previous gang conviction and was released from prison in 2007." ECF No. 8-1 at 5.

(5:11CV2743)

evidence regarding the dismissed charges.  The court will not sit in review of evidentiary

matters that fall under the purview of the state trial court.  Review is limited to "when an

evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may

violate due process and warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.

2003) (internal citations omitted).  The Petitioner does not explain how the evidentiary ruling

was "so egregious", and the Court does not find the trial court's determination to be either

egregious or unreasonable in light of the evidence before the trial court.  Nor did Petitioner

properly present the issue to the Court of Appeals. That court noted:

> Despite listing several pieces of evidence in his assigned error that he alleges were
> improperly admitted, Gaiter's argument focuses solely on his contention that the
> trial court abused its discretion when it admitted certified copies of journal entries
> of his prior convictions that reflected multiple charges against Gaiter that had
> been dismissed . . . [o]ur review of this discussion reveals that Gaiter did not
> move to redact the journal entries with respect to the inclusion of charges that had
> been dismissed.  He did not even mention the dismissed charges.

ECF NO 8-1 at 5.  Petitioner argues that the his appellate counsel failed to properly brief the

issue surrounding his objection to the admissibility of the dismissed charges, which led the

Court of Appeals to believe that there was no such objection.  But this failure is Petitioner's, not

the Court of Appeals.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues

adverted to in a perfunctory manner, unaccompanied by some effort at developed

argumentation, are deemed waived.  It is not sufficient for a party to mention a possible

argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal

citations omitted).

Nonetheless, even if Petitioner could show compliance with the contemporaneous

objection rule, Petitioner has not shown that the state court's admission of the evidence was an

(5:11CV2743)

unreasonable determination in light of the evidence and arguments presented to the trial court.

The Court, therefore, concludes that Petitioner has not demonstrated that the trial court's

admission of evidence showing prior convictions, dismissed charges, and previous prison term

was an unreasonable determination and therefore, even if Petitioner had not procedurally

defaulted Ground One, the Court denies federal habeas relief on this ground as meritless.

### B.      Second Objection: Double Jeopardy Violation[9]

Petitioner argues that the magistrate judge, who deferred to the opinion of the state court

because it was not contrary to law, erred in finding that there was no double jeopardy violation.

The Ohio Court of Appeals had concluded that Petitioner's convictions for participating in a

criminal gang and possession of cocaine were not allied offense and denied Petitioner's claim

for relief using the then-precedent of the two-step analysis in *State v. Cabrales*, 118 Ohio St.3d

54 (2008).[10]  The Court of Appeals evaluated the criminal gang statute and possession of

cocaine statute in the abstract (but without requiring an exact alignment of elements) and

determined that "the elements of the two statutes . . .do not compare to such a degree that the

_____

[9] Although the magistrate judge correctly stated that Petitioner failed to sufficiently develop his double jeopardy claim and may have thereby waived it, the Court will still reach the merits of Petitioner's claim, as the magistrate judge did.

[10] *Cabrales* states, in relevant part "'[i]n the first step, the elements of the two crimes are compared.  If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other,. The crimes are allied offenses of similar import and the court must then proceed to the second step.  In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses.  If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.'" (Emphasis sic.) *Cabrales*, 118 Ohio St.3d at 57 (citing *State v. Blankenship*, 38 Ohio St. 3d 116, 117 (1988).

(5:11CV2743)

commission of one results in the commission of the other" under *Cabrales* and R.C. §2941.25.[11]

ECF No. 8-1 at 27. The Court of Appeals concluded "one can possess drugs without

participating in a criminal gang and . . . one can participate in a criminal gang without

possession drugs (*sic*)." *Id.* Absent any evidence that the state court's decision was objectively

unreasonable or clearly violated established federal law, this Court must defer to the findings of

the state appeals court on the state law issue. *Williams,* 529 U.S. at 413.

      The Court's allied offense analysis informs the Court's inquiry into Petitioner's double

jeopardy claim. The Sixth Circuit has stated "[i]n contrast to most habeas claims, which are

based entirely on federal constitutional rights, a claim under the Double Jeopardy Clause

requires analysis of state law; because the state legislature has the authority to define and punish

crimes, the definition of multiple punishments is dependent on the legislative intent of the state

government." *Person v. Sheets*, 527 Fed. Appx. 419, 423 (6th Cir. 2013) (citing *Volpe v Trim*,

708 F.3d 688, 697 (6th Cir. 2013). In analyzing such claims, the Sixth Circuit has stated, in

relevant part, that:

> When two different statutory provisions authorize punishment for the same act, the
> first step is to determine whether [the legislature] intended to punish cumulatively
> the same conduct which violates two statutes . . . the *Blockburger* test does not
> necessarily control the inquiry into the intent of a state legislature. Even if the
> crimes are the same under *Blockburger*, if it is evident that a state legislature

---

[11] Ohio Rev. Code § 2941.25 states:
A) Where the same conduct by defendant can be construed to constitute two or more allied
offenses of similar import, the indictment or information may contain counts for all such
offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or
where his conduct results in two or more offenses of the same or similar kind committed
separately or with a separate animus as to each, the indictment or information may contain counts
for all such offenses, and the defendant may be convicted of all of them.

(5:11CV2743)

> intended to authorize cumulative punishments, a court's inquiry is at an end . . . for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination.

*Volpe*, 708 at 695-97 (citing *Bradshew v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")).

Petitioner's participation in a criminal gang charge arose under R.C. § 2923.42(A). His possession of cocaine charge arose under R.C. § 2925.11(A)(C)(4). Given that the appeals court in this matter determined that the two acts were not allied offenses, the Court must defer to the appeals court judgment absent any law or Ohio Supreme Court decision to the contrary. The Court's double jeopardy inquiry, therefore, is at its end. *See Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014) (stating that the *Blockburger* test, a test of statutory construction and not constitutional interpretation, does not necessarily control the inquiry into the intent of the state legislature, but rather R.C. §2941.25 and its interpretation by the Ohio courts control).

Finding Petitioner's double jeopardy claim unconvincing, this Court overrules Petitioner's objection.

### C.     Third Objection: Error in Verdict Form

#### 1.     Res Judicata and Procedural Default

Petitioner concedes that *res judicata* bars review of this issue. ECF No. 12 at 8. Yet, Petitioner still argues that he attempted to raise the issue in his 26(B) application to reopen his appeal. For the same reason that Petitioner procedurally defaulted his due process claim (*see*

(5:11CV2743)

*supra* Section III.A.1, discussing the untimeliness of Petitioner's 26(B) application), his

procedural default also bars review of this issue.[12]

**2.      Whether Claim is Cognizable**

Although Petitioner is barred from raising his claim regarding error in the verdict form,

Petitioner objects to the magistrate judge's determination that this is not a cognizable claim.

Petitioner argues that the jury verdict form for Count Three (failure to comply with an order or

signal of the police) was defective because it did not include the elements necessary for the

enhancement to a felony of the third degree under R.C. § 2945.75.[13]  ECF No. 12.  Petitioner

claims that the jury instructions and verdict form were less consistent with R.C. § 2921.331(B)

and more consistent with R.C. § 2921.331(A), a misdemeanor, and that no special findings were

---

[12]  Additionally, even if Petitioner's 26(B) application had been timely, that application raised the issue of ineffective assistance of appellate counsel, *inter alia*, for failure to raise the issue of an improper verdict form.  The ineffective assistance of appellate counsel claim would not, however, preserve the substance of the underlying claim if that issue itself was not raised on appeal.  *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), *cert denied*, 558 U.S. 996. 130 S.Ct. 503 (2009) ("[B]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'") (citing *White v. Mitchell*, 431 F.3d 517, 526, 6th Cir. 2003)).

[13]  Ohio Rev. Code § 2945.75(A) provides:
(A) When the presence of one or more additional elements makes an offense one of more serious degree:
(1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements.  Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present.  Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

(5:11CV2743)

made to support the felony conviction under the Failure to Comply statute.[14] ECF No. 10 at 24.

Still, in his objections, Petitioner concedes that "the jury in all cases probably meant for the

higher offense but signed a flawed document not reflecting this reality." *Id.* at 8.

     A writ of habeas corpus will not be issued "on the basis of a perceived error of state

law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984) (stating that an error of state law must be so

egregious as to deny the defendant constitutional due process); *see also Baze v. Parker*, 371

F.3d 310, 328 (6th Cir. 2004) ("Habeas petitioners must show that a trial error of constitutional

dimension "had substantial or injurious effect" on the jury's verdict.").  Petitioner is correct in

his general conclusion that state law violations during a trial may implicate substantive federal

rights, using the example of a trial judge rejecting a jury's not guilty verdict and finding a

defendant guilty.  ECF No. 12 at 8-9.  But that is not the case here.  The judge's entry of a

felony in the third degree from a verdict form that incorrectly stated misdemeanor elements was

not so egregious so as to deny Petitioner due process.  The judge instructed the jury that if it

finds the State proved beyond a reasonable doubt all the essential elements of the offense under

---

    [14]  Ohio Rev. Code § 2921.331 provides:

(A) No person shall fail to comply with any lawful order or direction of any police officer
invested with authority to direct, control, or regulate traffic.
(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after
receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a
stop.
(C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a
police officer.
(2) A Violation of division (A) of this section is a misdemeanor of the first degree.
. . .
(5)(a) A violation of division (B) of this section is **a felony of the third degree** if the jury or
judge as trier of fact finds any of the following by proof beyond a reasonable doubt:
(i) . . . **(ii) The operation of the motor vehicle by the offender caused a substantial risk of
serious physical harm to persons or property.** (emphasis added).

(5:11CV2743)

the statute, the jury must next decide "beyond a reasonable doubt whether the defendant's operation of a motor vehicle caused substantial risk of serious physical harm to person or property. ECF No. 8-17 at 77. The jury determined that "the defendant did commit the offense of failure to comply with a substantial risk of serious physical harm to persons or property." ECF No. 8-18 at 15.

Based on the foregoing, even if Petitioner did not procedurally default this claim, it is not cognizable or is meritless on federal habeas review. Accordingly, the Court denies relief on this ground.

###     D.     Fourth Objection: Ohio's Participating in a Criminal Gang Statute

Petitioner objects to the magistrate judge's determination that Petitioner's claim alleging the unconstitutionality of Ohio's participating in a criminal gang statute was procedurally defaulted. For this objection, Petitioner states "[t]he same arguments are raised herein, incorporating by reference the arguments made as to Grounds One and Three. Mr Gaiter objects by reference with the same responses he has previously given." ECF No. 12 at 9-10. For the same reason that Petitioner procedurally defaulted his due process claim (Ground One) (*see supra* Section III.A.1, discussing the untimeliness of Petitioner's 26(B) application), his procedural default also bars review of this issue.

###     E.     Fifth Objection: Ineffectiveness of Trial Counsel

Petitioner objects to the magistrate judge's determination that Petitioner's ineffectiveness of trial counsel claim was procedurally barred. For this objection, Petitioner states "[t]he same arguments are raised herein, incorporating by reference the arguments made as to Grounds One and Three. Mr Gaiter objects by reference with the same responses he has

(5:11CV2743)

previously given."  ECF No. 12 at 10.  For the same reason that Petitioner procedurally

defaulted his due process claim (Ground One) (*see supra* Section III.A.1, discussing the

untimeliness of Petitioner's 26(B) application), his procedural default also bars review of this

issue.

## IV. **Conclusion**

Based on the above, the Court overrules Petitioner's objections, adopts the magistrate

judge's report and recommendations, and denies in part, and dismisses in part, the petition for a writ

of habeas corpus. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this

decision could not be taken in good faith, and that there is no basis upon which to issue a certificate

of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


November 26, 2014          __/s/ Benita Y. Pearson_____
Date                            Benita Y. Pearson
                                 United States District Judge